IDA HULLINGER v. IRA W. HULLINGER, Appellant.

Divorce: INHUMAN TREATMENT: EVIDENCE. Where the evidence
1    discloses a long continued course of ill treatment, even though with slight physical violence, which would be likely to impair health and imperil the life of the wife, she is entitled to a divorce. Evidence held to show such inhuman treatment as to justify a decree of divorce.

Custody of children. A decree providing that a divorced husband
2    may have the custody of the children only at stated periods and with their consent, will not be so modified on appeal as to permit him to have them at such times regardless of their consent, where it appears that they thoroughly dislike the father and there is no showing that the mother or any one

else with her knowledge and consent are influencing the children against him.

*Appeal from Clinton District Court.*— HON. A. P. BARKER, Judge.

SATURDAY, FEBRUARY 9, 1907.

SUIT for a divorce. Judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Wolfe & Wolfe,* for appellant.

*W. J. McCoy* and *C. G. George,* for appellee.

SHERWIN, J.— The parties to this action were married in 1892. They have two children; Cecil W., now about ten years old, and Lowell, who is about three and one-half years of age. The petition alleges cruel and inhuman treatment such as to endanger life; the specific charges being physical violence, abusive language, and excessive sexual demands. The decree gave the plaintiff a divorce and the custody of the children, reserving to the defendant the right to visit the latter at stated times, and to have them with him for a period not exceeding two weeks, twice each year, providing the children consent thereto. The law of the case is well settled, and the sufficiency of the evidence is the main question presented for determination.

The evidence satisfactorily shows that the appellant has a hasty and violent temper and that at different times he inflicted personal violence on the plaintiff. It is also shown that he called her a vile name in the presence of the older child; that he frequently called her a damn fool and swore at her. There is also evidence tending to show that he at least insinuated that he was not the father of the boy Cecil W. In short, if the evidence of the plaintiff is true, and we think it must be so

1. DIVORCE: inhuman treatment.

found from the record, there can be little doubt as to her right to a divorce and to the custody of the children.

The plaintiff is shown to be a frail, delicate, and refined woman, and that, since the defendant began his abuse of her, which was within a year after their marriage, she has become weak, sickly, and nervous, and that such condition was the result of appellant's continued abuse of her. While frequent reconciliations are shown, and forgiveness on the part of the wife, and also an effort at times on the part of the appellant to treat his wife with the consideration to which she was entitled, the record as a whole discloses such continued cruel treatment as to fully justify the judgment. A long-continued course of ill treatment, even without physical violence, may be such as to endanger life; and, where a continuance of cohabitation under the circumstances would be likely to impair the health and imperil the life of the wife, she is entitled to a divorce. *Shook v. Shook,* 114 Iowa, 592; *Berry v. Berry,* 115 Iowa, 543.

Although it is not asked in the appellant's printed argument, in oral argument he asked that the decree be so modified as to allow him to take the children for the periods therein specified, regardless of their consent. 2. CUSTODY OF CHILDREN. We are not at this time disposed to so modify the judgment. The older boy seems to thoroughly dislike his father; and, while this condition may be the natural result of the appellant's treatment of the child and his mother, it is nevertheless deplorable. To force this boy to remain with the appellant two weeks at a time is not likely to result in a change of feeling toward the appellant; and, if such were not the result, it would be a positive injury to the boy. If the future shall develop the fact that the plaintiff, or others with her knowledge and consent, are influencing either child against the father, a different question may arise; but at present we think there should be no change in the order.

The judgment is *affirmed.*