112 So.2d 467

**Dorothy Evans PARKER**

v.

**Henry Relfe PARKER, Jr.**

5 Div. 656.

Supreme Court of Alabama.

May 28, 1959.

R. T. Milner, Robt. S. Milner, and Holley, Milner & Holley, Wetumpka, for appellant.

**300**

Reneau & Reneau and Geo. P. Howard, Wetumpka, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Elmore County, in equity, modifying a decree of that court awarding custody of a minor child, dismissing appellant's petition seeking to have appellee held in contempt of court for failing to abide by the original decree, and allowing a fee for appellant's counsel which, it is insisted, is inadequate. Appellant has also petitioned for a writ of certiorari to review that part of the decree dismissing the contempt petition if it is not reviewable by appeal.

On November 2, 1955, the appellant (wife) was granted a divorce from appellee on the ground of cruelty. The same decree awarded custody of the parties' two minor children, a boy and a girl, to appellant, with a provision however, giving appellee (husband) "the right to visit said children, or to have them visit him," on each Sunday from 12 o'clock Noon to 6 o'clock P.M. The decree also provided for a monthly maintenance allowance as alimony for the support of appellant and the children.

On December 2, 1955, the decree of November 2, 1955, was amended by adding a provision denying to appellee the right to visit the children when he is in default in payment of the maintenance allowance.

On June 25, 1956, appellant filed a petition alleging, in substance, that appellee had violated the terms of the decree on numerous occasions; that he had consistently failed to make payment to the register at the time required by the decree; and that he had one of the children, Relfe Haynes Parker, at his home and had failed or refused to turn said child over to appellant as provided in the court's decree. The prayer of the petition was for an order "immediately restoring said Relfe Haynes Parker to petitioner's care, custody and control"; that appellee be "restrained or prohibited from interfering with said child in any way either directly or indi-

rectly," and that he be adjudged in contempt of court.

On the same day (June 25, 1956) the trial judge entered an order for the return of the child to appellant.

Also, on the same day, appellee filed a petition to modify the custody decree so as to give him custody of Relfe Haynes Parker. (No change in custody of the other child is sought.) The propriety of changing the custody is grounded on the following allegations (as amended):

"(2) That since the time of the said decree on November 2nd, 1955, the minor child, Relfe Haynes Parker, has become increasingly unhappy and dissatisfied in his present abode which is with his maternal grandparents where his mother also lives. This unhappiness and dissatisfaction on the part of said minor has become so intense and has increased, since the time of the divorce decree, that the said minor voluntarily left the home of his maternal grandparents and mother and on to-wit, June 23, 1956, came to his father and stated that he was not going to live with his mother but that he desired to live with his father. Petitioner avers that since the time of the original decree in this cause the location of the residence of the said mother has been changed; he further avers that at the present time he has a mature white woman of good character as a housekeeper who is in all respects proper and suitable as a housekeeper and to help care for the said child and that the said housekeeper is employed to remain at the home of petitioner while the said minor child is in his custody. Petitioner further avers that the present location of the residence of said mother is farther away from school and churches than is the residence of your petitioner and that, all things considered, it will be to the best interest of the said minor that the aforesaid decree be modified and that the care, custody and control of the minor be awarded to his father.

Petitioner avers that since the time of the aforesaid divorce decree circumstances and conditions concerning these parties and said minor have materially altered; Petitioner avers that to continue the custody and control of said minor with his mother in accordance with the aforesaid decree will be harmful to the character of the said minor and will prevent him from developing as a normal happy child."

The allegations with respect to a change in the location of appellant's residence do not appear to be substantiated by the evidence.

Appellant filed an answer to appellee's petition and in the same pleading filed a cross-petition against appellee praying that he "be prohibited from harassing complainant, insulting her friends and threatening her father, and from interfering with said children"; that "respondent be required to contribute at regular intervals to the support and maintenance of complainant and the minor children in an amount greater than is now required by the decree of November 2, 1955"; and that "respondent be required to pay to her attorneys a reasonable fee for their services in this cause."

Appellee then filed an answer to appellant's cross-petition denying all its material allegations and demanding strict proof thereof.

We omit reference to the several demurrers and motions directed to the pleadings, and the trial court's rulings thereon, because they are not material to our review.

After taking testimony ore tenus the trial court rendered the following decree, from which this appeal is taken:

"* * * [I]t is the opinion of the court that the respondent, Henry Relfe Parker, Jr., is entitled to some relief as prayed for in his petition and that the original decree of November 2, 1955, as pertains to the custody of the minor child, Relfe Haynes Parker,

should be and that the same be and hereby is amended and modified in the way and manner and to the extent as follows:

"That the mother of said minor child shall have the right of custody of said minor child for a period of one week and that the father of said minor child shall have the right of custody of said minor child for a period of one week in each month and that the remaining part of each month the said minor child shall be free to visit with and remain with either of said parents as he may choose. It is, therefore, ordered, adjudged and decreed by the court as follows:

"1. That the mother, Dorothy Evans Parker, shall have the custody of said minor child, Relfe Haynes Parker, for a period of one week in each month, said week beginning at twelve o'clock noon on the first day of each month and continuing to and terminating at twelve o'clock noon on the 8th day of each month, said custody beginning at twelve o'clock noon on the 1st day of September, 1956.

"2. That the father, Henry Relfe Parker, Jr., shall have the right of custody of said minor child, Relfe Haynes Parker, for the second week in each month, the said second week beginning at twelve o'clock noon on the 8th day of each month and ending at twelve o'clock noon on the 15th day of each month.

"3. That the remaining days and weeks of each month the said minor child shall be free to visit with and remain with either of said parents as he may choose.

"4. That neither parent shall by words or actions or other means harass, humiliate, or insult the other during the period to which they, or either of them, are entitled to the custody of said minor child, nor shall the said parents attempt in any way to influence or interfere with the said minor child in exercising his freedom of choice for the period granted herein wherein he may exercise such freedom of choice. Any willful or intentional interference of the rights of custody as granted herein, or undue influence by either of said parents upon said child in the exercise of his freedom of choice or harassment by one to the other, will be deemed disrespect for this court and subject such parent to a forfeiture of the right of custody of said child as granted herein and such other penalties as may be imposed by the court.

"It is further ordered, adjudged and decreed by the court that the original decree of this court of November 2, 1955, as amended on December 2, 1955, subject to the modification of same as herein set out, be and remain in full force and effect.

"The court further finds that a reasonable sum to be allowed the complainant's attorneys for their services to the complainant in this cause is the sum of Thirty-seven and $^{50}/_{100}$ ($37.-50) dollars. It is, therefore, ordered, adjudged and decreed by the court that the complainant have and recover of the respondent the sum of $37.50 as her reasonable attorney's fee for her attorneys, which said sum shall be paid to the Register of this court on or before the first day of November, 1956.

"The court finds for the respondent on the petition seeking that he be held in contempt of Court, and it is the opinion of the Court that the Respondent be not adjudged in contempt and that the said petition of the complainant be dismissed.

"It is, therefore, ordered, adjudged and decreed that the said petition of the complainant, Dorothy Evans Parker, be and the same is hereby dismissed."

Pertinent to the question of modifying the custody decree is the following

from Messick v. Messick, 261 Ala. 142, 144, 73 So.2d 547, 549:

" * * * It has been generally held, and consistently by this court, that the former decree fixing custody of a minor is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or unless pertinent facts existing, but not disclosed, at the time of the final decree are brought to light. Sparks v. Sparks, 249 Ala. 352, 31 So. 2d 313; White v. White, 247 Ala. 405, 24 So.2d 763; 17 Am.Jur. 519, § 684.

"A prior decree of custody is attended by all reasonable presumptions, and the burden of showing such changed conditions or other substantial reasons for its modification rests upon the party seeking a change in custody. Sparks v. Sparks, supra; Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288; Hale v. Hale, 259 Ala. 666, 68 So.2d 63; 27 C.J.S. Divorce § 317c, page 1195.

"While it has frequently been declared that the question of rightful custody of the child is never res judicata, it has been stated that a prior decree is not subject to be challenged upon the mere desire or changed attitude of one of the contesting parents; and that 'Courts disfavor oft-repeated, harassing litigation over the custody of infants.' Greene v. Greene, 249 Ala. 155, 30 So.2d 444, 446; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580." See, also, Casey v. Cobb, 266 Ala. 434, 96 So.2d 753.

▆▆▆ We are at the conclusion that there is not a showing of a material change in conditions which would justify a modification of the decree of November 2, 1955, awarding custody of both children to appellant. It seems apparent that the change in the decree is grounded essentially on the desires of the child, a boy eleven years old. Moreover, the decree, in giving the child the sole right to determine, for at least half of each month, which parent should have his custody is geared to his variable desires in the future. There seems to be little need to catalogue the reasons why such a provision is inappropriate. It is sufficient to say that it places on this young child the exclusive responsibility of determining, from time to time, which parent should have custody. Thus, a decision as to what is best for the child is made by the child himself and not by the court.

What was said in Sparks v. Sparks, 249 Ala. 352, 353, 31 So.2d 313, 314, seems equally applicable here, viz.:

"In our opinion due consideration was not given to the effect of the rule which requires such a change of conditions since the decree of divorce as will affect the question of the proper custody of the child, and, as said in White v. White, [247 Ala. 405, 24 So. 2d 763], supra: 'On that question there can be no particular advantage in having the witnesses before the trial judge.' See, also, Greene v. Greene [249 Ala. 155, 30 So.2d 444], supra. The decree of the trial court shows that he was actuated, in large measure, by the wishes of the minor. And while we are not to be understood as saying that such wishes are not to be considered, it is our feeling that his decree is not based upon controlling factors— changed conditions. * * * "

▆▆ We have given due consideration to the action of the trial court in holding appellee not to be in contempt. We are not persuaded that this ruling should be overturned. Nor do we feel warranted in disturbing the trial court's discretion in fixing the amount of the fee allowed for appellant's counsel (assuming, without deciding, that the allowance of a fee in this case is proper; there being no cross-assignment of error questioning the allowance). Cf. Jordan v. Jordan, 266 Ala. 386, 390(4), 96 So. 2d 809, and cases there cited.

That part of the decree modifying the original decree with respect to custody is

**304**

reversed. The parts dealing with appellee's contempt and the allowance to appellant of a fee for her counsel are affirmed.

Reversed in part, affirmed in part, and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.