MRS. ANONYMOUS *v.* MR. ANONYMOUS.

Common Pleas Court, Juvenile Division, Hamilton County.

No. JC-9071.

SCHWARTZ, J.   This case was certified to this Court by the Court of Domestic Relations of this County, under the provisions of Section 3109.04, Revised Code, for the purpose of deciding the custody and control of the minor daughter, age 8, and an only child of this marriage.   Accordingly, this Court previously decided that the mother should have custody of the child, and now is confronted with the problem of determining reasonable visitation by the father with his daughter.   Since there is no proof as to the Defendant being immoral, he is entitled to visit with her:

Marsh v. Marsh, 61 Ohio Law Abs., 539.

However, the difficulty is that the father resides in another state, New York, and requests the child to be sent to that State for visitation purposes.   This problem has preplexed many Courts.   The Plaintiff opposes sending an unwilling child to a distant city for visitation purposes, and the possible resulting litigation that could arise in that State, occasioned by the father reopening the matter of custody in New York.   There is a dispute about the father threatening litigation in that state.

Then, too, this Court interviewed the daughter and found her to be an exceptionally bright, precocious child with residual effects of a broken home, and its attendant manifestations are apparent.   She was bitterly opposed to leaving Cincinnati and going to visit her father in New York.   She is happy in her present environment with her remarried mother, living in an understanding and warm family and in a happy home.   She has achieved an emotional stability, which was lacking in the past.   This child was not responsible for the home being broken

nor the acrimony and misunderstanding between the father and mother and the resulting divorce. She has been subjected to sufficient sorrow, problems, wanderings and frustrations without adding the shock of periodically removing her from home and traveling over 600 miles away for the sole purpose of visiting a parent. In addition, this Court does not wish to add on the tragic effect of the child being involved in possible litigation in New York, and being compelled to remain in that State.

The authorities are in conflict as to a custody order being given full force and effect in other States:

See 18 Ohio Jurisprudence (2d), 155.

Then again, the adverse party could claim conditions have changed since our order of custody was made, and therefore raise the question in the New York courts as to custody:

"Such decree (Custody) will have no controlling effect on the action of Courts in another State under facts and conditions subsequently arising."—Ibid. *Ex Parte Halvey*, 55 N. Y. S., (2d), 761.

Though there is little proof of the father planning such, the fact remains that the foreign Court could intervene and thus become an attendant risk for the child leaving this jurisdiction. The Juvenile Court must carefully consider the rights, the problems and the happiness of the child, and even the probabilities that could be harmful to the best interests of the child.

This Court is of the opinion that the best and the most equitable arrangement would be for the father to come to Cincinnati to visit with his child. Every consideration must be given by each parent to the well-being of the child, who has been traumatized enough. If the father wishes to exercise his right of visitation, he should make the necessary arrangements to come to Cincinnati.

The basic philosophy of the Juvenile Court is found in Section 2151.55, Revised Code. It is expressly stated that this Court's purpose is to serve the "child's welfare" and this is true as to visitations as any other phase of a child's life. The Defendant herein is granted the right of reasonable visitation within this jurisdiction, until further order of this Court, and a practical schedule will be arranged to suit both the needs of the father and daughter.