This case involves modification of child visitation privileges.
On April 6, 1979, the parties were divorced and the defendant father was given certain visitation privileges with his son, Jimmy. In early July, 1979, the plaintiff and the boy moved from southeast Alabama to Bessemer. In August the defendant filed a petition for a rule nisi and for modification of his rights to have the boy visit with him.
After an ore tenus hearing, the circuit court enlarged the father's rights of visitation with the 5 1/2 year old boy and required the mother to place the son on a weight reduction program and to submit to the court a monthly statement of the child's weight. The mother was adjudged to be in contempt of court for refusing to permit the boy to visit with his father in accordance with the divorce judgment. The ex-wife appeals and contends in both of her briefs that the trial court erred in two *Page 1011 
respects: (1) the court allowed the minor child to visit liberally in the home of the defendant father without orders to protect the boy from a serious health threat and (2) the court abused its discretion, acted erroneously, or exceeded its authority when it ordered the plaintiff to place the child on a weight reduction program and to report his weight monthly to the court. No case, statute, or authority is cited by the appellant in either of her briefs as to any alleged error; however, the facts are extensively argued.
Upon this appeal, no question was raised about the contempt adjudication. This is properly so because the review of an order made in contempt of court proceedings is by way of an appropriate extraordinary writ and not by appeal. 4A Alabama Digest Contempt Key 66 (1).
 I
Jimmy has a medical history of suffering infrequent, but severe, motor seizures, at which time he is potentially in much physical danger. His pediatrician testified by deposition that it would depend entirely upon Jimmy's father, whom the doctor did not know, as to whether it would be detrimental for the boy to visit him. The other specialist deposed that visitation privileges of a parent not having custody should be entirely eliminated because "the moving of children back and forth between families for visitation rights is, in general, a very detrimental psychological impact on any child. . . ." That physician advised the plaintiff to have access to a medical facility.
The boy has had no seizures since November 14, 1978, when he was placed upon a new medication. He daily attends kindergarten.
Admittedly, the plaintiff is very protective of her son. She objects to him leaving Bessemer for paternal visits. It is her belief that her son should be nearer to Children's Hospital now than when he regularly suffered from seizures. She testified, without objection, that Jimmy would like to visit with his father, but that he does not desire to move back there.
The father, who has remarried, presently resides in Banks in Pike County, which is approximately twenty-five miles from Troy. He knows in detail the procedures to be followed if Jimmy suffers a seizure.
When the evidence was concluded, the judge stated that he saw nothing in the evidence to indicate that overnight visitation should not occur. He accordingly granted extensive visitation rights to the father.
 We think the change in the father's residence is a sufficient change in conditions to justify the modification of the original decree, if, of course, such change is in the best interest of the children. As to this, we note that both the original and the modification proceedings were heard by the same trial judge. In view of the favorable presumption attending his findings from the evidence taken ore tenus, we are not prepared to say that he erred to a reversal in decreeing the change in the father's visitation rights. In other words, we cannot say that his decision is palpably wrong. . . ."
Snellings v. Snellings, 272 Ala. 254, 256, 257, 130 So.2d 363,365 (1961).
The trial court has much discretion in ascertaining visitation rights, and each case must stand upon its own peculiar facts and the personalities involved. Allen v. Allen, Ala.Civ.App., 385 So.2d 1323 (1980); Phillips v. Phillips,53 Ala. App. 191, 298 So.2d 613 (1974); Atkinson v. Atkinson,45 Ala. App. 428, 231 So.2d 753 (1970).
It is clear from reading the trial judge's colloquy and questions directed to the mother at the conclusion of the trial that he had studiously read and considered the depositions of the two physicians. After a careful review of the entire record, we are not prepared to hold that he abused his discretion in granting more extensive visitation privileges or in not imposing restrictive protective provisions therein upon either party with regard to the seizure problem. This contention was directed to the trial court's attention in the mother's motion for a new trial, which was duly overruled by the circuit judge. We feel that the *Page 1012 
learned trial jurist considered that Jimmy's welfare was of paramount consideration. Visitations cannot be denied nor restricted merely because the custodial parent deems such visits to be inadvisable.
 II
When Jimmy was 5 1/2 years of age, he was four feet tall and in the preceeding seven months had an unusual weight gain of twenty-five pounds, from seventy-five pounds to one hundred pounds. One doctor testified that Jimmy is overweight and that he discussed that problem with the plaintiff, but he did not prescribe a formal diet. Jimmy's pediatrician had not dealt with the obesity problem, but made a notation in his records to discuss it with the mother. The plaintiff has diminished the size of her son's meals and has eliminated some objectionable foods therefrom, but she has not placed him on a diet. Without objection, she stated that Jimmy notices other children in kindergarten and desires to lose weight.
The same circuit judge has been saddled with hearings and decisions in this case since its inception in June, 1978. He could have ascertained from the evidence that the plaintiff was, on the whole, underconcerned about Jimmy's weight problem. In any event, we do not fault his judgment. The judge had a discretion to exercise in Jimmy's best interest and he did so. The judgment did not prescribe any medication, diet, exercise, or the type of weight program to be undertaken on the boy's behalf, such being matters within the province of his physician, but the child's obesity was properly a concern of the court, and we find no fault in the judgment in that regard.
As to both of the issues raised on appeal, we deem Presiding Judge Wright's decision in the Allen case, supra, to be especially applicable. There the original divorce judgment as to visitation rights prohibited the father from operating a motor vehicle while occupied by the son. Mr. Allen had a history of periodic seizures, but had controlled the condition by medication and relied upon such apparent control as the change in circumstances to remove the driving limitation. The trial judge refused to eliminate the prohibition. This court affirmed, holding that a reversal could occur only where the evidence showed the trial judge to be plainly and palpably wrong and unjust since the trial judge had a broad discretion concerning visitation rights for the noncustodial parent. In this case, we cannot say that the evidence shows the trial court's judgment in either aspect to be plainly and palpably wrong and unjust or that it is not in the best interest of Jimmy. The judgment is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Ala. 1975. His opinion is here by adopted as that of the court.
AFFIRMED.
All the Judges concur.