HOLMES, Judge.
This is a divorce case.
The circuit court, after an ore tenus hearing, divorced the parties, awarded primary custody of four minor children to the wife, and required the husband to pay $150 per month as child support.
The husband appeals, contending that the trial court erred in awarding custody of the four minor children to the wife. He particularly urges error in the award of custody to the wife of his two children from a prior marriage. Additionally, the husband contends in effect that the trial court erred in the award of child support. This court disagrees and affirms.
Viewing the record with the attendant presumptions accorded the trial court’s action, the following is revealed. We note at this point that the evidence before this court is via rule 10(d), A.R.A.P., and unfortunately is not a paragon of clarity.
The parties were married in 1973. At the time of the marriage the husband had two children from a former marriage, ages one year and three years. Two more children were subsequently born, one in 1975 and the other in 1976.
There is evidence and inferences therefrom that the wife has cared for and loved all four children during the entire marriage. The children are well adjusted and have close ties with one another. According to the mother’s testimony, the two children by the former marriage, now ages eleven and thirteen, desire to remain with the younger children, i.e., their step-siblings.
There is evidence that the husband, a Nigerian National, is “wanted” for automobile theft in Nigeria. There is further evidence that since December of 1980, after the couple separated, the father has contributed only approximately $600 to the support of the minor children. Additionally, there is evidence that before the couple separated the father was abusive to the wife and made threats against the wife in the presence of the children. Needless to say, there is evidence to the contrary and explanations regarding certain aspects of the above.
In any event, with the above before it, the trial court awarded what can be described as primary custody of the four children to the wife. In effect, the wife was awarded custody during the school year and the husband was awarded custody during the summer months and certain holiday periods. Additionally, the husband was required to pay $150 per month as child support.
As indicated, the first error urged by the husband is the award of primary custody to the wife.
Suffice it to say that, in view of the facts as indicated above, we cannot say as a general proposition that the trial court erred in the custody arrangement. The custody of and visitation rights with children are matters addressed to the discretion of the trial court subject to reversal only upon plain and palpable abuse of such discretion. Dasinger v. Dasinger, 369 So.2d 813 (Ala.Civ.App.1979); 8 Ala. Digest, Divorce, Key No. 312.6(4). We find no such abuse of discretion as to require reversal.
The husband, through able counsel, specifically urges error in the award of his two minor children from a former marriage, to the wife, i.e., the children’s stepmother. In support of his argument he cites Ex parte Berryhill, 410 So.2d 416 (Ala.), on remand, 410 So.2d 419 (Ala.Civ.App.1982), authored by the distinguished jurist, Mr. Justice Beatty.
Berryhill discusses the presumption in favor of custody to the natural parent as opposed to third parties. Of course, this court recognizes and follows the principle as enumerated in Berryhill. However, Berry-hill recognizes specifically that the welfare of the child or children is still the paramount consideration in determining custody in a divorce proceeding. See Berryhill, 410 *936 So.2d at 417 (quoting Striplin v. Ware, 36 Ala. 87,90 (1860): “unless it plainly appears that the interest of the child requires it to be set aside.”).
See also Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967); 8 Ala. Digest, Divorce, Key No. 298(1).
In the instant case, the facts indicate to this court as they did to the trial court that the best interests of the children are that they remain with the wife. The wife has been with the subject children since they were three years old and one year old respectively. The children are extremely well adjusted, the father has provided little support in recent years, the father has been abusive to the mother in the presence of the children, etc. Most importantly, it appears that the children want to remain in their present environment.
While the preferences of the children are not controlling, their desires regarding custody are to be given much weight. See Rogers v. Rogers, 345 So.2d 1368 (Ala.Civ.App.1977); 8 Ala. Digest, Divorce, Key No. 298(5).
See also Stinnett v. Gilchrist, 419 So.2d 238 (Ala.Civ.App.1982), decided after Berry-hill, authored by our distinguished Presiding Judge Wright which is in accord with the above and Chandler v. Manning, 411 So.2d 160 (Ala.Civ.App.1982), authored by our distinguished colleague, Judge Bradley.
In view of the above, we find no such abuse of discretion in the trial court’s action regarding the two older children as requires reversal.
As to the husband’s apparent contention that the award of $150 as child support requires reversal, we find no merit. The award of child support is within the discretion of the trial court and will not be reversed on appeal unless there is a plain and palpable abuse of that discretion. Butts v. Butts, 418 So.2d 161 (Ala.Civ.App.1982).
The husband, as we perceive it, contends that he should receive a reduction or cessation of the support payments when the children are with him in the summer months, etc. Suffice it to say that in view of the small amount of child support and the fact that certain expenses continue even if the children are not physically present, we find no merit in this contention.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.