This post-divorce litigation involves the visitation rights of a father with his children who were approximately eight and eleven years of age when the last judgment was rendered in November 1983, after very extensive ore tenus testimony was heard by the trial court on several occasions.
In April 1983 the trial court had entered a judgment which established specific visitation rights of the father with the children. Thereafter, the mother and the children moved from Alabama to South Carolina, a distance of about five hundred miles.
The November 1983 judgment from which the father appeals found and provided in pertinent part as follows:
 "This action is a derivative action which has been pending before the Court since October 15, 1981. Numerous hearings have been held concerning the custody of the children, visitation of the father, and the general conduct of the parties. Formal orders have been entered and various rulings from the bench have been made concerning custody, visitation and contempt. In each instance, one fact has remained constant — the children will not voluntarily visit with the father and the children will not allow themselves to be forced to visit with the father. This has been a continuing constant since October of 1981.
 "The Court has done everything within its power to reconcile the feelings of the children toward the father as is evidenced by the many formal and informal rulings, some of which encompassed agreements of the parties.
 "There is no question but that the constant litigation has deepened the scars and has achieved no solution to the visitation problem.
 "In reviewing the testimony from the commencement of the actions which began in 1981 through this date, the Court is of the opinion, based on the attitude of the children, that it is not in the best interest of the children to be forced to visit with the father. The Court is further of the opinion, based on the attitude of the children, that it is not in the best interest of the children for the father to have custody of the children. The Court is of the opinion that it is in the best interest for the children to desire to visit with their father, and it is in the best interest of the children for both parents to work in a spirit of cooperation to establish this desire in the children. It is incumbent upon both parents to put the welfare of the children first and not to permanently scar the children psychologically by attempting to force visitation or by depriving the other parent of visitation.
 "Therefore, it is ORDERED, ADJUDGED and DECREED as follows:
 "1. That the continued care, custody and control of the minor children of the parties is to remain in the mother.
 "2. That the mother shall allow the children to visit with the father at reasonable times and at reasonable places if the children so desire."
Since the evidence was heard, and the witnesses were observed by the trial court, we are not permitted to alter the final judgment unless it was so unsupported by the evidence as to be clearly and palpably wrong, and this court must presume that the trial court correctly applied its discretionary authority as to visitation and adjudged the best interests of the children. Fassina v. Fassina, 401 So.2d 113 (Ala.Civ.App. 1981); Fillingim v. Fillingim, 388 So.2d 1010 (Ala.Civ.App. 1980). "The trial court has much discretion in ascertaining visitation rights, and each case must stand upon its own peculiar facts and the personalities involved. (Citations omitted.)" Fillingim, supra, at 1011. *Page 189 
In this case, the passage of time, further futile experiences in attempting to enforce the judgment, and the separation of the father and the children by distance, travel time and expense have proved that the specific brief visitation periods of the April 1983 judgment had, in the opinion of the trial court, become unworkable. Hooper v. Hooper, 428 So.2d 115
(Ala.Civ.App. 1983). We have studied the fine briefs of able counsel, reviewed the law cited therein and perused the four volume record; and we gather therefrom that the evidence supports the finding of the trial court in modifying the visitation rights of the father by providing for reasonable visitation.
However, that privilege was made subject to the desires of the children and that restriction has given this court considerable concern. Every factual matter as summarized by the trial court is supported by the record and by some of the conflicting ore tenus evidence, but our supreme court has determined that a proviso in a divorce decree was inappropriate which granted to a child the sole right to determine for over one-half of each month which parent should have his custody, and therein it was stated, "Thus, a decision as to what is best for the child is made by the child himself and not by the court." Parker v. Parker, 269 Ala. 299, 303, 112 So.2d 467, 471
(1959).
The instant appeal pertains to visitation only, while the supreme court in the Parker case, supra, construed that case to concern custody itself. The present case differs vastly fromParker in that the custody limitation in Parker was in a divorce judgment, while the present parties had been in litigation for over three years over the same issue. Even when the children resided with their mother in Alabama, the father was only able to see them on rare occasions. Apparently nothing worked which a patient trial court attempted. The mother and the children each swore that she encouraged the children to visit with their father, and the trial court had the sole prerogative to believe that testimony. Both children were firm and absolute in their statements and actions since October 1981 that they did not want to, and would not, visit with their father, and the trial court was justifiably convinced by the evidence that the children were most unwilling to see their father, even if forced to do so.
There are circumstances where it is reasonable, equitable and to the best interest of children that they not be required to visit with a non-custodial parent because of their unwillingness or fear to do so. Such a determination could be made by a trial court in a case where the evidence reasonably satisfied that court that it was not in the best interest of children to be made to visit with a non-custodial parent where they were so unwilling to visit that parent that adverse psychological damage would result and that no good would result from forced visitation. However, such a case is rare and the exception, for it is an extreme decision that restricts an otherwise relatively qualified parent from visiting his or her child.
On the other hand, regardless of a child's fears and wishes, a trial court may, and normally should, require visitation even if it is forced upon a child, for the desires of a child might be given absolutely no credence in visitation litigation when the trial court is reasonably satisfied from the evidence that a child is merely parroting the wishes of the custodial parent, or that the child is too immature to form a considered opinion, or where the child expresses fears or unwillingness to visit without any reasonable basis or foundation.
In some instances the custodial parent, in defiance of court-granted visitation rights, uses his or her position to alienate the other parent from the affections of the child, or to create fear of the non-custodial parent in a child, or by his or her words or actions actually encourages a child not to visit with the other parent. In this type case, the trial court, in the exercise of its discretion in enforcing a visitation judgment, may modify the custody provisions, extend rather than limit the visitation periods, require the posting of a bond by the custodial parent (with adequate sureties) *Page 190 
conditioned upon compliance with the visitation order, place a guilty custodial parent in contempt of court, suspend the payment of any ordered periodic alimony pending non-compliance with a visitation judgment, or decree any other lawful means reasonably calculated to require a recalcitrant custodial parent to comply with a visitation order of the trial court.
In short, the trial court has a judicial discretion to exercise in determining the visitation rights of non-custodial parents in accordance with the best interests of the children of the parties. Fillingim v. Fillingim, supra.
In the present matter, the trial court had had before it almost continuously since 1981 the visitation problem and nothing which was attempted had been of beneficial assistance. The trial court ascertained that, under the peculiar circumstances of the case, the best interests of the two children at that time required that visitation rights be permitted "if the children so desire." Similar provisions have been upheld in other jurisdictions in visitation cases.Strakosch v. Benwell, 135 Colo. 317, 310 P.2d 720 (1957); Kellyv. Kelly, 73 So.2d 829 (Fla. 1954); Hullinger v. Hullinger,133 Iowa 269, 110 N.W. 470 (1907); Falls v. Falls, 52 N.C. App. 203,278 S.E.2d 546, petition denied, 304 N.C. 390, 285 S.E.2d 831
(1981); Anonymous v. Anonymous, 18 Ohio Op.2d 282, 88 Ohio L.Abs. 398, 180 N.E.2d 205 (1962).
We do not find the November 1983 judgment to be palpably wrong in view of the supportive evidence. The testimony of the witnesses conflicted and we cannot say that the best interests of the children were not served by the determination of the trial court. We are required to affirm the judgment of the trial court.
The appellee's request for the award of an attorney's fee upon this appeal is allowed and the appellant shall pay $500 for such.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.