This is a child custody visitation case.
The mother brought an action to modify the original divorce decree and terminate the visitation rights of the father.
After an ore tenus hearing, the trial court found the father in contempt for violating the custody agreement and suspended his visitation rights.
The trial court further ordered the father to pay an amount of child support arrearage and awarded an attorney's fee to the mother. The father appeals and we affirm.
The father contends that the trial court abused its discretion in suspending his visitation rights. He additionally contends that the trial court erred in its determination of child support arrearage and in the award of an attorney's fee.
This is the second time these parties have been before this court. Interested persons can refer to Robbins v. Robbins,447 So.2d 789 (Ala.Civ.App. 1984).
As stated, the father first appeals from the suspension of his visitation rights to the couple's five-year-old child.
There was uncontroverted evidence that the mother had been awarded custody of the child and that the father had twice taken the child without the mother's permission. In both instances, the father kept the child until law enforcement authorities returned the child to the mother.
The last incident occurred on September 5, 1983, when the father did not return the child after exercising his visitation rights. In an effort to hide from the mother, the father took the child and moved to Florida, where he lived under an assumed name. The child was not returned until March of 1984 when F.B.I. agents located the father's residence.
There was additional evidence that, when the child was returned home, she was dirty, smelled bad, and had sores on her head.
The trial court found the father to be in contempt and in effect suspended his visitation rights for twelve months, with future visitation rights contingent on his fitness to exercise such rights.
The trial court has a wide discretion in setting visitation rights, and this court will not reverse the lower court unless there is plain and palpable abuse of discretion. Tardzer v.Tardzer, 441 So.2d 934 (Ala.Civ.App. 1983).
The primary consideration in visitation rights is the best interest and welfare *Page 1357 
of the child. Barran v. Barran, 431 So.2d 1278 (Ala.Civ.App. 1983).
Due to the father's actions, which, needless to say, were a clear disregard of the court's custody order, we cannot say that the trial court abused its discretion in "suspending" the father's visitation rights. We note that the court's judgment allows the father to possibly resume visitation after twelve months, upon proof of his fitness to exercise such rights.
The father additionally appeals from the court's determination of child support arrearage.
The original divorce decree awarded child support in an amount of twenty-seven dollars per week based on the father's salary of $150 per week. There was evidence that the father had not paid child support since June of 1983 and had not satisfied a prior judgment of past-due child support in the amount of $486. The father, in addition, testified that his current take-home pay is $650 per week.
The determination of child support arrearage by the trial court will not be disturbed unless it is not supported by the evidence and is plainly erroneous and manifestly unjust.Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980).
In view of the unpaid and past-due child support and the unsatisfied judgment of child support, it seems clear that the evidence supports the trial court's determination of the arrearage. From this order we can find no error.
Lastly, the father appeals from the trial court's award of $2000 as an attorney's fee to the mother.
It is a well-established principle of law that the award of an attorney's fee in divorce matters is in the sound discretion of the trial court, and this court will not reverse except for abuse of that discretion. West v. West, 437 So.2d 583
(Ala.Civ.App. 1983).
Here, there was evidence that the mother had to take legal action to find and regain physical custody of her child from the father. There was also evidence that legal assistance was necessary in order to modify the custody agreement and to compel payment of the child support arrearage.
The father's disregard of the custody order and his non-payment of child support made it necessary for the mother to seek legal assistance to insure the protection and welfare of the child. Under these facts, coupled with the ultimate finding of contempt, we cannot say that the trial court abused its discretion in awarding an attorney's fee to the mother.
The mother has requested an award for attorney's fee for representation on appeal. An attorney's fee of $500 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.