This is a child custody and visitation rights case.
On February 19, 1982, Lisa Russell filed a petition in the Family Court of Jefferson County on behalf of her husband, Gerald F. Russell. The petition alleged that a minor child, Jeremy Marc Stewart, was the natural child of Gerald Russell and that the child was, at that time, dependent as defined by § 12-15-1 (10), Code of Alabama 1975. The child was apparently residing with his father at the time. The petition asked that the court determine legal custody of the child. After an investigation and report from the Department of Pensions and Security, and with verbal consent of the natural mother, Kimberly Eldridge, the trial judge awarded custody to Gerald. In 1984, Kimberly filed a petition in family court to modify this custody decree, alleging that she had not been given proper notice of the earlier proceedings and that circumstances had changed significantly since the earlier decree. She requested, alternatively, either custody or visitation rights. The court granted Kimberly's petition, awarding her somewhat minimal visitation rights. A motion for new trial was filed on Gerald's behalf. This motion was denied. No appeal was taken.
In 1985 Gerald filed a petition to modify the last custody order. He alleged a material change of circumstances, which required the termination of Kimberly's visitation privileges. On July 12, 1985, the trial court issued an order which, in effect, denied Gerald's petition to modify, though it modified the original order so as to increase Kimberly's visitation privileges. Gerald appeals.
His first contention is that the court improperly denied his motion to transfer the case to the St. Clair County Juvenile Court.
Section 12-15-36, Code of Alabama 1975, allows that a juvenile court "may transfer the proceedings to the district court of the child's residence" if the child resides in a district different from that in which the case is commenced. However, this section does not require transfer, if the trial judge considers such action will not be in the child's best interests. Cf. Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App. 1984); Hagler v. Hagler, 460 So.2d 187 (Ala.Civ.App. 1984).
In this case, we cannot say that the judge abused his discretion in refusing to transfer the case to another county. The court specifically noted that the transfer was denied in order to avoid unnecessary delay and to prevent forum shopping. Apparently, there had been no suggestion of a problem with venue, until after Kimberly was granted visitation privileges by the court's order in 1984. As the Russells filed the original petition in Jefferson County, we cannot say that this suspicion of shopping in quest of a more favorable forum was unfounded.
Section 12-15-32, Code 1975, provides that once jurisdiction is properly obtained by the juvenile court in the case of a child, such jurisdiction is retained until the child *Page 901 
becomes twenty-one years[1] of age, unless it is terminated by order of the judge of the juvenile court.
The next issue is whether the judge abused his discretion when he conducted an in camera proceeding with the child without the guardian ad litem being present.
A trial judge may conduct a private conversation with a minor, in camera, as long as he has the consent or waiver of the opposing counsel. Ex parte Wilson, 450 So.2d 104 (Ala. 1984); Ex parte Berryhill, 410 So.2d 416 (Ala. 1982). This consent may be made conditional upon the presence of a court reporter. Wilson, supra.
In this case, there is no contention that counsel did not consent to the in camera proceeding. The only complaint is that the guardian ad litem was not present during the interview. However, the record is void of any objection being made by the guardian, though he was present when the trial judge requested the interview. The only objection made by counsel came after the interview took place. In light of the prior consent of counsel, we must consider that the objection made after the interview came too late. C. Gamble, McElroy's Alabama Evidence
§ 426.01 (3) (3rd ed. 1977).
The final contention is that the judge abused his discretion when he issued his order denying the modification and setting new visitation privileges without allowing Gerald to produce any evidence at the hearing. This argument does not find support in the record.
It is clear from the record that no oral testimony was produced as a result of any witnesses called by either party. In fact, save for a few stipulations of fact made by counsel, there was no evidence produced by the parties. Neither party produced any witnesses, nor requested further opportunity to do so.
Modification of child custody rests within the sound discretion of the trial judge. Davis v. Davis, 451 So.2d 316
(Ala.Civ.App. 1984). The party seeking modification has the burden of proof, and must establish that there has been such a material change in circumstances since the last custody decree, that the welfare and best interests of the child require the change sought. Id.
A trial court judgment entered after an ore tenus hearing is presumed correct. Id.
As Gerald was given the opportunity to call any witnesses he chose and to produce any evidence he could, we cannot say that the trial judge abused his discretion by denying the petition to modify. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Humane Society of Marshall County v. Adams,439 So.2d 150 (Ala. 1983). Gerald was given this opportunity. He simply did not produce any evidence to meet his burden of proving changed circumstances. See Davis, supra.
As to the court's decision to increase visitation rights for Kimberly, it is known that a trial court has wide discretion in setting visitation rights and its decision will not be reversed absent a plain and palpable abuse of discretion. Robbins v.Robbins, supra; Hagler v. Hagler, supra. The primary consideration is the best interest and welfare of the child.Robbins, supra; Hagler, supra. We cannot say that the trial judge abused his discretion in this instance.
The judge had knowledge of the pleadings, stipulations, and previous hearings. He had the opportunity to discuss the matter with the child. As no transcript of the proceeding is contained in the record, we must presume that all of these supported the judgment of the trial court. See Jones v. Jones, 464 So.2d 125
(Ala.Civ.App. 1985); Roberts v. Roberts, 424 So.2d 644
(Ala.Civ.App. 1982).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] This must be an error. Section 12-15-1 defines an adult as a person aged nineteen years or older. *Page 902