HOLMES, Judge.
This is a domestic relations case.
After an ore tenus hearing, the trial court refused the father visitation privileges. The father appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in not allowing the father visitation privileges with his eighteen-year-old son.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed:
The mother and father were divorced in 1978. Custody of the couple’s four children was awarded to the mother, with visitation rights granted to the father.
At the commencement of the current proceedings three of the couple’s four children had become emancipated. The couple’s youngest child, Patrick, turned eighteen on November 24, 1985. The current proceedings were brought by the father to, in effect, force Patrick to visit with him.
The trial court held that, due to the child’s age and ability to make decisions on his own, no further attempts at visitation should be made. The trial court specifically found in pertinent part the following:
“Said child has passed his 18th birthday and, therefore, would not be under the powers of the Juvenile Division of this Court to order enforced visitation; it seems to the Court that it would be greatly unjust that this Court order the Former Wife to enforce Court-ordered visitation upon said child when the Court itself could not enforce the same under its Juvenile powers.”
It has been held by this court that visitation may normally be required, regardless of a child’s fears and wishes, even if it is forced upon a child. See Hagler v. Hagler, 460 So.2d 187 (Ala.Civ.App.1984). The desires of a child may be given no credence when the trial court finds that the child is being manipulated by the wishes of a custodial parent, or that the child is too immature to form a considered opinion, or where the child expresses fears or an unwillingness to visit without any reasonable basis or foundation. See Hagler, 460 So.2d 187.
In the case at bar, the child has expressed a continued unwillingness to visit with his father.
We need not detail the reasons for this unwillingness to visit. Suffice it to say that the eighteen-year-old child certainly does not wish to visit with the father.
As indicated, given the child’s advanced age (18) and persistent reluctance to visit with his father, the trial court found that to force the child to visit would not be in the child’s best interest. We agree.
We note that, at the time of these proceedings, the “child” was eighteen years of age and a senior in high school. He will *104 reach his nineteenth birthday on November 24, 1986, less than six months from the release of this court’s opinion. Again, as indicated, our review of the record reveals that the child has adamantly refused to visit with his father.
In this instance, in view of the trial court’s detailed order, the age of the minor, the apparent maturity of the child (he has been a page in the U.S. House of Representatives and hopes to attend Johns Hopkins University), and the practical consideration facing the trial court of trying to force an eighteen-year-old son to visit with his father, we cannot say that the trial court erred to reversal in its action. For this court to do otherwise would be to substitute our judgment for that of the trial court. This the law does not permit.
This case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.