This case concerns a father's right to visitation with his children.
The parties were divorced in May 1987. The court, in its decree, awarded custody of the two minor children to the mother and set out a schedule of visitation for the father. Numerous post-judgment motions and cross-motions were filed. Each party requested the court to hold the other in contempt for failing to adhere to the divorce decree and its attendant visitation schedule. Throughout the post-judgment motion proceedings, the court issued orders reaffirming the father's right of visitation.
After an ore tenus proceeding, the trial court held both parties in contempt of court, and subjected them to arrest, pending the disobedience of any future orders. The trial court reaffirmed the visitation privileges of the father, and specially restrained and enjoined each party from making any disparaging or derogatory remarks about the other party in the presence of the minor children. The mother appeals.
On appeal, it is the mother's contention that the court abused its discretion by forcing her to allow the father visitation with the children and subjecting her to arrest for failure to enforce the visitation schedule.
At the outset, we note that the trial court has broad discretion in determining visitation rights, and its judgment must be affirmed unless it is unsupported by the evidence.Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App. 1987). In determining visitation rights for a non-custodial parent, the trial court considers what is in the best interests and welfare of the child. Jackson v. Jackson, 520 So.2d 530 (Ala.Civ.App. 1988). Each child visitation case must be decided on its own facts and circumstances. Fanning v. Fanning, 504 So.2d 737
(Ala.Civ.App. 1987).
Here the trial court has had many opportunities to hear testimony and to observe the general demeanor of the parties. Testimony was presented that the father is a heavy drinker; that his observance of the scheduled visitation is erratic; and that the children are afraid of him and do not wish to visit with him.
Amy, the minor daughter, testified that her father scared her, yet he has never physically abused her. The younger child did not testify. Both children remain in the custody of their mother.
Testimony by a former attorney for the mother revealed that there was a lot of animosity and "juvenile behavior" by both parties, and that the mother did not always make the children readily available to the father for visitation, after assurances that she would have them ready.
There are situations where it is reasonable and equitable, and in the best interests of the children, to not require them to visit with the non-custodial parent because of their unwillingness to do so. This determination could be made by a trial court where the evidence satisfied the court that it is not in the best interests of the children to be made to visit with the non-custodial parent, especially where adverse psychological damage would result, and no good would result from forced visitation. This type of case is rare and the exception. It is an extreme decision that restricts an otherwise relatively qualified parent from visiting his children. Hagler v. Hagler, 460 So.2d 187 (Ala.Civ.App. 1984). Yet, regardless of a child's fears and wishes, a trial court may require visitation even if forced upon a child. The desires of a child might be given no credence in visitation litigation when the trial court is satisfied, from the evidence, that the child is parroting the wishes of the custodial parent, or that the child is too immature to form a considered *Page 1163 
opinion, or where the child expresses a fear or unwillingness to visit without any reasonable basis or foundation.Hagler, supra.
In the present case, the trial court exercised its sound discretion in continuing the rights of visitation with the father, and has also exercised its right to hold the parties in contempt of court if they disobey its orders. The basic purpose of contempt is to secure prompt compliance to court orders and judgments. Jim Walter Resources, Inc. v. International Union,UMWA, 609 F.2d 165 (5th Cir. 1980).
In view of the foregoing, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.
 *Page 126