DONALDSON, Judge.
K.E. (“the father”) appeals from a judgment of the Marshall Juvenile Court finding his minor daughter, A.E. (“the child”), to be dependent, placing the child in the physical custody of relatives, and denying the father visitation rights with the child.

Facts and Procedural History

The evidence presented below reveals the following facts. The Marshall County Department of Human Resources (“DHR”) first became involved with the child after receiving a report of domestic abuse in the child’s mother’s home in June 2011 after the mother and child’s stepfather had a violent domestic altercation. At the time of that incident, the child and her siblings lived with the mother. DHR’s subsequent investigation revealed significant alcohol abuse by the mother and the stepfather. The child and her siblings were ultimately removed from the mother’s home and placed into the custody of DHR. DHR placed the child into foster care. DHR filed a dependency petition as to the child in August 2011.
The juvenile court held a hearing on the petition on September 24, 2012. The father was represented by counsel. The juvenile court appointed a guardian ad li-tem for the child. Michelle Holland, the DHR foster-care worker assigned to the case, testified that DHR had implemented a visitation plan for both the father and the mother. She stated that the father regularly visited with the child and stayed in regular contact with DHR. She also stated that the father routinely provided the child with money. She testified that she had requested that the father attend anger-management classes but that he had failed to do so. Holland testified that she believed that the relationship between the father and the child was not healthy. DHR requested that it be allowed to retain legal custody of the child and that R.E. and T.E., the child’s paternal uncle and aunt who lived in the State of Kansas, be awarded physical custody of the child.
The child, who was 13 years old at the time of the hearing, testified that, although she had a good relationship with the father and was not afraid of him in general, she believed that it would be beneficial to her future to live in Kansas with R.E. and T.E., with whom she had lived at one point previously during her childhood. She testified that the father had a bad temper and that she had witnessed him being violent toward her brother. She testified that she had witnessed her father punch walls, scream, and slam doors, which scared her and caused her to flee the house. The child testified that the father had sent her a text message indicating that he would “not be alive” if she relocated to Kansas. She testified that the father had provided her with money when she asked for it.
The father testified that he had begun working in a poultry plant approximately two weeks before the hearing. He stated that he had quit his job as a long-haul truck driver in order to be closer to home to take care of the child. His testimony indicates that he earned significantly less working at the poultry plant than as a truck driver. He denied having a bad temper, and he denied ever being abusive toward the child’s brother. The father testified that the text message indicating *725 that he would “not be alive” if the child moved to Kansas was not a threat to commit harm to himself. He testified that he had previously lost custody of the child and her brother when he was living with them in the State of Kansas. The transcript of the father’s testimony reveals that his responses to questioning were often combative and evasive, which the trial court noted in the final judgment.
The child’s guardian ad litem recommended to the court that the child be placed in the physical custody of R.E. and T.E. in Kansas. He also recommended that the child retain the discretion to determine any visitation with the mother and the father.
The juvenile court entered a judgment on September 25, 2012, finding the child to be dependent pursuant to § 12-15-102, Ala.Code 1975. The judgment contained the following findings of fact, among others:
“8. The respondent father, [K.E.], has failed to maintain a stable home which would be suitable for the care and upbringing of the subject juvenile;
“9. The respondent father, [K.E.], is unable or unwilling to provide for the financial support of the subject juvenile;
“10. The respondent father has difficulty controlling his anger and emotions, and does not possess a temperament which is suitable for providing the necessary care and supervision of the subject juvenile;
“11. The subject juvenile, [A.E.], provided testimony which, based upon this Court’s observation, was completely and entirely credible and worthy of belief;
“12. Furthermore, this Court would note that [A.E.], the subject juvenile, demonstrated remarkable maturity, poise and honesty in the face of difficult circumstances; and therefore, should be commended on her level of maturity and forthright testimony;
“13. The respondent father provided testimony which, based upon this Court’s observation, was evasive, not credible and otherwise not worthy of belief;
“14. Furthermore, the respondent father appeared to this Court to have trouble controlling his anger while on the stand, and frequently directed angry comments and a hostile attitude towards other parties and/or attorneys, which did not rise to the level of contempt, but is worthy of mention considering the Court’s finding contained within paragraph 10, above.”
Concerning custody and visitation, the court ruled as follows:
“18. That legal custody of the subject juvenile, [A.E.], is hereby vested with DHR;
“19. That physical custody of the subject juvenile, [A.E.], is hereby vested with [R.E.] and [T.E.], who reside in the State of Kansas;
“20. Under the particular circumstances of this case, the parents are awarded no visitation rights; however, [A.E.] may, at her sole discretion, choose to visit with her parents upon such terms and conditions, and at such times and places as she deems fit and proper.”
The father filed a motion to alter, amend, or vacate on October 9, 2012, which the juvenile court denied on October 18, 2012. The father filed a timely appeal to this court.
The father raises four arguments on appeal: (1) that DHR failed to make reasonable efforts toward reunification; (2) that the juvenile court allowed testimony concerning an unauthenticated document before ruling that the document was inadmissible; (3) that the juvenile court erred by *726 awarding physical custody of the child to R.E. and T.E. without receiving evidence indicating that that relative placement was suitable; and (4) that the juvenile court erred by not awarding visitation to the father.

Standard of Review

“In Ex parte Alabama Department of Human Resources, 682 So.2d 459 (Ala.1996), the Alabama Supreme Court stated the applicable principles of appellate review in the context of a challenge to a juvenile court’s custodial disposition of a dependent child:
“ ‘Appellate review is limited in cases where the evidence is presented to the trial court ore tenus. In a child custody case, an appellate court presumes the trial court’s findings to be correct and will not reverse without proof of a clear abuse of discretion or plain error. Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App.1991); J.S. v. D.S., 586 So.2d 944 (Ala.Civ.App.1991). This presumption is especially applicable where the evidence is conflicting. Ex parte P.G.B., 600 So.2d 259, 261 (Ala.1992). An appellate court will not reverse the trial court’s judgment based on the trial court’s findings of fact unless the findings are so poorly supported by the evidence as to be plainly and palpably wrong. See Ex parte Walters, 580 So.2d 1352 (Ala.1991).’
“682 So.2d at 460.”
J.J. v. J.H.W., 27 So.3d 519, 522 (Ala.Civ.App.2008).

Discussion

The father contends that the juvenile court committed reversible error by not ordering DHR to make reasonable efforts toward reuniting the child and the father. The father failed to assert that argument before the juvenile court, and it cannot be properly raised for the first time on appeal. Thus, we are precluded from addressing this issue. See E.M. v. State Dep’t of Human Res., 612 So.2d 486 (Ala.Civ.App.1992).
The father next contends that the juvenile court committed reversible error by allowing testimony concerning an unauthenticated document that was subsequently deemed inadmissible. The father argues that a document, purportedly a record from a proceeding in the District Court of Ellis County, Kansas, was not properly authenticated pursuant to Rule 44(a)(1), Ala. R. Civ. P.,[1] and, thus, that the juvenile court should not have entertained any testimony pertaining to the contents of the document. The juvenile court ultimately concluded that the document was inadmissible because it was not properly authenticated pursuant to Rule 44(a)(1). Nonetheless, the father has not demonstrated that the juvenile court considered the testimony concerning the document nor has he cited any authority to support his argument that the juvenile court erred in allowing testimony concerning the document before determining it to be inadmissible. Accordingly, we will not consider *727 this argument. See Rule 28(a)(10), Ala. R.App. P.; Mullins v. Sellers, 80 So.3d 935, 945 (Ala.Civ.App.2011); and Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (“Inapplicable general propositions are not supporting authority, and an appellate court has no duty to perform a litigant’s legal research.”).
The father next contends that the juvenile court committed reversible error by ordering the child to live with her paternal uncle and aunt in Kansas without receiving sufficient evidence concerning the suitability of that relative placement. The father has provided no citations to authority to support his argument on this matter. Thus, we decline to further consider this argument. See Rule 28(a)(10), Ala. R.App. P.; Mullins, 80 So.3d at 945; and Asam, 686 So.2d at 1224.
The father contends that the juvenile court erred by not awarding visitation between the father and the child, but, instead, granting the child the discretion to determine visitation with the father.[2] Concerning visitation, this court has stated as follows:
“ ‘ “ ‘The determination of proper visitation ... is within the sound discretion of the trial court, and that court’s determination should not be reversed absent a showing of an abuse of discretion.’ Ex parte Bland, 796 So.2d 340 (Ala.2000). ‘[C]ases in Alabama have consistently held that the primary consideration in setting visitation rights is the best interests and welfare of the child. Furthermore, each child visitation case must be decided on its own facts and circumstances.’ Fanning v. Fanning, 504 So.2d 737, 739 (Ala.Civ.App.1987) (citations omitted). ‘When the issue of visitation is determined after oral proceedings, the trial court’s determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987).’ Dominick v. Dominick, 622 So.2d 402, 403 (Ala.Civ.App.1993).” ’
“L.L.M. v. S.F., 919 So.2d 307, 314 (Ala.Civ.App.2005) (quoting K.L.U. v. M.C., 809 So.2d 837, 840-41 (Ala.Civ.App.2001)).”
V.G. v. Madison Cnty. Dep’t of Human Res., 989 So.2d 550, 555-556 (Ala.Civ.App.2008).
In this case, the juvenile court’s judgment concerning visitation is ambiguous and inconsistent. The juvenile court denied the father visitation rights, yet it authorized visitation with the father at the child’s discretion. This court and our supreme court have held that permitting a child to determine if and when visitation will occur with a parent is ordinarily inappropriate and unfair to both the child and the parent. Parker v. Parker, 269 Ala. 299, 303, 112 So.2d 467, 471 (1959) (reversing a judgment placing visitation at the discretion of the child and stating that “a decision as to what is best for the child” should be made by the trial court rather than the child); Bryant v. Bryant, 739 So.2d 53, 56-57 (Ala.Civ.App.1999) (characterizing a judgment placing visitation at the discretion of the children as “manifestly unjust”); and H.H.J. v. K.T.J., 114 So.3d 36 (Ala.Civ.App.2012) (holding that to allow the child to determine the timing of visitation with the father based on the facts of the case would not be in the child’s best interest); see also Moore v. Moore, 57 *728 Ala.App. 735, 737, 331 So.2d 742, 744 (1976) (“The responsibility for the cultivation of [the parent-child] relationship should rightfully be upon the [parents], ... not upon the child. To so place it is to probably destroy it, not protect it.”).
Although the father was not awarded custody of the child, the juvenile court did not make a finding that visitation between the father and the child would be detrimental or dangerous to the child. The record in the present case reveals that the child had a good relationship with her father, that the father had visited the child without incident during the pendency of the dependency proceedings, and that the father was not abusive to the child. As such, the record does not support a finding that the father should have no visitation, as visitation should be completely denied in “unusual and extreme cases.” Y.N. v. Jefferson Cnty. Dep’t of Human Res., 67 So.3d 76, 86 (Ala.Civ.App.2011) (Moore, J., concurring in the result). This court has recognized that a specific visitation schedule may not be appropriate in all circumstances. See, e.g. Shires v. Shires, 494 So.2d 102 (Ala.Civ.App.1986) (forcing an 18-year-old child to visit with a parent may not be in the child’s best interest). But the record does not support a finding that leaving visitation with the father solely in the discretion of the 13-year-old child in this case would be in the child’s best interests. Accordingly, we reverse that part of the juvenile court’s judgment concerning visitation with the father, and we remand this cause to the juvenile court (1) to delete that portion of the judgment that awards no visitation rights to the father and (2) to award specific visitation between the child and father that is not left to the discretion of the child.[3] Because of the amount of time that has elapsed while this matter has been pending on appeal, the juvenile court is not prohibited from conducting a hearing, if it deems it appropriate, before entering the judgment awarding visitation to the father.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS and MOORE, JJ., concur in the result, without writings.

. Rule 44(a)(1) provides:
"An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within a territory subject to the administrative or judicial jurisdiction of the United States or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by a person purporting to be the officer having the legal custody of the record, or by the officer’s deputy. If the official record is kept without the state, the copy shall be accompanied by a certificate under oath of such person that such person is the legal custodian of such record and that the laws of the state require the record to be kept.”

. The juvenile court also allowed the child to decide if she would visit with the mother, but the mother has not appealed the judgment.

. The juvenile court is in the best position to set the specific terms and conditions of visitation, such as whether such visitation should be supervised and/or whether it should be conditioned on the father’s completing anger-management counseling.