UNITED STATES of America, Appellant,

v.

Paul D. HARDY and Irma Alice Hardy, Appellees.

No. 8627.

United States Court of Appeals Tenth Circuit.

Nov. 2, 1966.

William M. Cohen, Atty., Dept. of Justice, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., William T. Thurman, U. S. Atty., Walker E. Anderson, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, with him on the brief), for appellant.

Ray E. Nash, Vernal, Utah, for appellees.

Before PICKETT and HILL, Circuit Judges, and CHILSON, United States District Judge.

PICKETT, Circuit Judge.

The United States brought this action against Paul D. Hardy and Irma Alice Hardy to recover delinquent water payments alleged to be due the Uintah Indian Irrigation Project in Utah. The Hardys denied that the water payments were due, as the project had refused to deliver any water to their lands during the time alleged in the complaint. The trial court held that the water payments in the sum of $1361.30 were due, but were offset by damages in the amount of $3300.00, caused by the refusal to deliver water to the Hardys. The United States appeals, contending that an offset, or counterclaim, had not been pleaded, and that the court erred in determining that issue without giving it an opportunity to defend.[1]

Upon trial to the court, Hardy testified that he had continued to pay the water assessments for one of his tracts of land until 1960, notwithstanding that he no longer was receiving any water, and that he had incurred certain cattle and hay loss, primarily on this tract, during the winter of 1956–1957. Although the Hardys had not defined any such claim in their pleadings and were not prepared to make proof of loss, the court, over objection, undertook to establish that the government was liable for these damages, and proceeded to direct the remainder of the trial to determine the amount thereof.[2] When testimony as to the amount of the Hardys' loss was offered, the government requested a continuance in order to meet this testimony.[3] The request was denied.

The court upheld the government's claim for unpaid water assessments, but also held that the Hardys had been damaged in the amount of $3300.00, and entered judgment "that the defendants are entitled to a net setoff and claim against the plaintiff in the amount of $1938.70. However, no plain statement appeared either in the pleadings or the pre-trial order to show that the Hardys were claiming such damages, as required by Rule 8(a), F.R.Civ.P. Nowhere was the government given notice of such a claim or the grounds upon which it rested; consequently it was deprived of the opportunity effectively to defend thereon.

The judgment in favor of the Hardys is reversed and the cause remanded to permit such further pleadings as are necessary for a proper framing of the issues and for an orderly disposition of the Hardys' claim for damages. See Rule 15(b), F.R.Civ.P.

1. The judgment in favor of the United States became final, as no appeal was taken therefrom.

2. After questioning Hardy about his losses, the court stated:

"You see, Mr. Hardy, you get to a place where I determine the Government is liable, that they wronged you, and you have a right to recover, and then the next thing I have to do is find out what is the amount of money that you lost or what amount of money were you damaged as a result of not having this water.

I notice it is noon time. I think you ought to talk to your witness and get your damages straightened out here. If he goes along the way he is going here—."

3. In making the request, the Assistant U.S. Attorney stated:

"Your Honor, I want to point out, if it pleases your Honor, the pleadings in this case and the pretrial order—we have gone into what is considered here a counterclaim and a cross-claim. There is not a thing in the claim, not a thing in the answer or your pretrial order to put the Government on notice that we are going to have to meet this testimony of one man here, and I would ask you to continue the case until we can go and get our witnesses in rebuttal to this testimony of estimated value."