This appeal is the result of a judgment rendered by the Circuit Court of Jackson County awarding appellee, W.E. Penney, damages in the amount of $3,300. This judgment was based on the court's determination that Penney had made substantial improvements on land owned by appellants, O.D. and Rachel Carden.
This case originally arose because of a dispute between the parties over a twenty acre tract of land. After a trial on the matter the court below concluded that the Cardens were the rightful owners of the property in question. Our supreme court affirmed the trial court's decision regarding the ownership of the land, but remanded the case to the trial court for a determination on whether Penney was entitled to an award of compensation for improvements which he had purportedly made on the twenty acre tract. Penney v. Carden, Ala., 356 So.2d 1188
(1978).
In its opinion, the supreme court directed that the trial court make its determination on whether Penney was "entitled" to a judgment "under the particular facts already proved." The supreme court also declared that the trial court could consider whether the failure of Penney to ask for compensation by pleading and prayer substantially prejudiced the Cardens in violation of the implied mandate of Rule 54 (c), ARCP.
Pursuant to the supreme court's instructions the trial court made the following determination:
 1. That the Defendant, W.E. Penney, did clearing, sowing and fencing on the twenty (20) acres in dispute that enhanced its value at the rate of $165.00 per acre.
 2. That at the time of making these improvements the Defendant reasonably believed himself to be the owner of the property in question. *Page 268 
 3. That these improvements have inured to the benefit of the Plaintiffs to the extent of $3300.00.
The trial court continued by noting that:
 The Court has read the transcript of the evidence in this case and is fully aware that, from this record, it is not crystal clear as to the amount of land cleared by Mr. Penney. However, the Court is reasonably convinced from the testimony as it was taken before the Court that the entire land in controversy, consisting of twenty (20) acres, was improved and enhanced in value. This can readily be inferred from the cross-examination of Mr. Carden (TR pages 206 and 207). Also, during the cross-examination of the Defendant's witness, Mr. Newsom, he pointed out an area on a map, which was an exhibit, that was cleared. The Court's recollection of this is that he did point out and refer to the land in controversy.
 Judgments is hereby entered in favor of the Defendant, W.E. Penney, against the Plaintiffs, O.D. Carden and Rachel Carden, for the sum of $3300.00.
However, the court also indicated in one passage of its order awarding Penney compensation that the issue of improvements on the land was merely "touched upon" during the trial and "was not fully litigated by either side."
We agree with the trial court that the question of improvements was not fully litigated below and therefore conclude that the interjection of the value of improvements during the proceeding without notice to the Cardens via the pleadings (or pre-trial conference on the matter) resulted in substantial prejudice to them. Specifically, we hold that the Cardens were improperly denied an opportunity to challenge the contentions of Penney regarding the issue of compensation.
Preliminary to our discussion of relevant legal principles we feel it is important to discuss an apparent misconstruction by the trial court of the directions contained in the supreme court's opinion. The supreme court instructed the trial court to reach a conclusion on whether Penney was "entitled" to a judgment on the basis of Rule 54 (c) which provides that every final judgment shall grant the necessary relief to the party in whose favor the judgment is rendered regardless of whether the party has demanded such relief in his pleadings. In reaching its decision the trial court was limited to a consideration of the facts already proved. The trial court obviously was of the opinion that it could not take additional evidence with respect to the question of improvements and compensation therefor. Thus, the court appears to have examined the testimony presented at trial solely for the purpose of determining if there was a sufficient amount of evidence on the claim for compensation to justify a judgment in Penney's favor. However, we believe that the supreme court intended that the threshold question of whether the Cardens were substantially prejudiced by the evidence presented on the claim for compensation was to be answered prior to any decision regarding the sufficiency of evidence as to the amount of compensation to be awarded. And in determining whether the Cardens were substantially prejudiced by the evidence, the trial court was restricted to the facts proved at the original trial. It is those facts which have compelled our conclusion that the Cardens were in fact substantially prejudiced by the evidence regarding Penney's claim for compensation and that, consequently, he was not entitled to a judgment on his claim.
Under the provisions of Rule 54 (c) of the Alabama Rules of Civil Procedure it is the duty of the court to grant relief to which a party is entitled irrespective of the request for relief contained in the pleadings. Penney v. Carden, supra. See 6 Moore's Federal Practice § 54.62 (1976). However, Rule 54 (c) does not sanction the granting of relief not requested in the pleadings where it appears that a party's failure to ask for particular relief has substantially prejudiced the opposing party. Albermarle Paper Co. v. Moody, 422 U.S. 405,95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); Rental Development Corporation of *Page 269 America v. Lavery, 304 F.2d 839 (9th Cir. 1962); Penney v.Carden, supra. Moreover, if the relief granted pursuant to Rule 54 (c) is not justified by the proof or is justified by proof which the opposing party has not had an opportunity to challenge, the relief granted should not be sustained on appeal. See 10 Wright Miller Federal Practice and Procedure § 2662 (1973). Accordingly, logic dictates that in those situations where an opposing party has no notice, by pleadings or otherwise, regarding the claim upon which relief is granted by means of Rule 54 (c) and is thereby denied an opportunity to have challenged or defended against such a claim, the opposing party has suffered substantial prejudice and the judgment granting relief must be reversed. See United States v. Hardy, 368 F.2d 191 (10th Cir. 1966). Indeed, such a rule is fundamental to the essentials of due process and fair play. Sylvan Beach, Inc. v. Koch,140 F.2d 852 (8th Cir. 1944).
In the present case the record demonstrates that the Cardens were denied an opportunity to challenge Penney's contentions concerning the issue of compensation for the improvements which the latter had made on the land. On direct examination of Mr. Penney an objection was made to any response pertaining to the improvements on the land and the trial court, without ruling, expressed its belief that some notice of issues, defenses, etc. was still required under the Alabama Rules of Civil Procedure. The question was then withdrawn by Penney's counsel. However, on cross-examination Mr. Carden was asked by the attorney who represented Mr. Penney what value he (Carden) would place on the improvements made by Penney with respect to the twenty acre tract of land. Carden's attorney objected on the grounds that the value of the improvements was not at issue. Following a discussion of this matter, the trial court overruled the objection which had been made on behalf of Carden and permitted Carden to state his opinion as to the dollar value which each acre had been improved. Carden responded by stating that his own efforts to perform work similar to that done on the land by Penney resulted in a cost of approximately $165 an acre. On this basis Carden estimated that Penney had improved the land in an amount of about $165 an acre in excess of what it would ordinarily have been worth. On remand from the supreme court the trial court used Carden's testimony to determine the amount of compensation which Penney was awarded.
In Sylvan Beach, Inc. v. Koch the federal appeals court for the eighth circuit aptly stated the philosophy and scope of Rule 54 (c) when it observed:
 A court may not, without the consent of all persons affected, enter a judgment which goes beyond the claim asserted in the pleadings. . . . Unless all parties in interest are in court and have voluntarily litigated some issue not within the pleadings, the court can consider only the issues made by the pleadings, and the judgment may not extend beyond such issues nor beyond the scope of the relief demanded. . . .
 The foregoing rules are all fundamental and state nothing more than the essentials of due process and of fair play. They assure to every person his day in court before judgment is pronounced against him.
As the evidence described above indicates, the Cardens did not voluntarily litigate Penney's claim for compensation. Nor was a demand for such compensation made a part of Penney's pleadings in the case. Furthermore, the judgment of the trial court to award Penney compensation extended beyond the scope of the relief initially demanded by Penney, which was to have himself declared the rightful owner of the twenty acre tract. In view of these circumstances Penney was not "entitled" to a judgment on his claim for compensation. The Cardens were substantially prejudiced because they did not receive sufficient notice that such an issue would be litigated thus enabling them to challenge the amount and validity of Penney's claim. The trial court's failure to find that the Cardens had been substantially prejudiced constituted *Page 270 
clear and palpable error. Accordingly, we reverse and remand with instructions that the trial court hold a hearing at which the parties may present evidence regarding Penney's claim for compensation.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.