This is a divorce case.
The parties were married on August 15, 1975. The wife filed a complaint for divorce on March 12, 1979. The wife was employed by Decatur General Hospital and the husband worked for Buettner Brothers Lumber Company as a construction contractor. There were no children.
The parties owned one parcel of real estate which had been given to the wife by her father.
The parties had constructed a shop building on the property and made their home there in a mobile home. They also owned some personal property.
After an ore tenus hearing, the trial court entered a judgment on June 28, 1979, granting the wife's request for divorce and making a division of the parties' real and personal property. The husband filed a motion for new trial which was denied. The husband appeals.
The husband argues that the division of real property by the trial court was not supported by the evidence and constitutes an abuse of discretion. We see no need to set out the specific provisions of the judgment or the evidence in the record supporting those provisions. It suffices to say that viewing the evidence in the record with the attending presumption, we find no abuse of discretion. Marks v. Marks, 365 So.2d 1231
(Ala.Civ.App. 1979).
The husband contends that the trial court erred in granting relief different from that in the prayer for relief made by the wife. In support of this contention he cites Carden v. Penney,362 So.2d 266 (Ala.Civ.App. 1978).
Under the provisions of Rule 54 (c), ARCP, it is the duty of the trial court to grant relief to which a party is entitled, even if the party has not demanded such relief in his pleadings, unless it appears that the failure to ask for the particular relief granted has substantially prejudiced the opposing party. Carden v. Penney, supra.
As this court stated in Carden:
 [W]here an opposing party has no notice, by pleadings or otherwise, regarding the claim upon which relief is granted by means of Rule 54 (c) and is thereby denied an opportunity to have challenged or defended against such a claim, the opposing party has suffered substantial prejudice and the judgment granting relief must be reversed. 362 So.2d at 269.
Clearly the pleadings in this case constituted notice to the husband that division of the parties' property would be an issue at trial and the record shows that he challenged the wife's claim and presented evidence in opposition to it. The rights of the husband were not prejudiced by the trial court's judgment.
The wife's request for attorney's fee on appeal is granted in the amount of $500. *Page 921 
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.