In application for rehearing and brief in support thereof, appellant Lacks contends that the decision of this court affirming the judgment in favor of third party plaintiff Stribling upon the theory of breach of warranty contained in a warranty deed is not the theory upon which the case was tried and judgment entered below. Though I concurred in the decision of this court, upon review of the record and brief, I am persuaded that appellant is correct and our original decision was based upon a theory for recovery never pleaded, presented by the evidence of third party plaintiff nor defended against by appellant-defendant. The complaint is clearly founded upon false representation in the sale of real property. It was clearly defended upon the general issue and a plea of the running of the statute of limitations applicable to fraud There is no indication in the pleadings, evidence or the judgment that any other cause of action was even considered, much less made an issue. There was no issue relative to breach of warranty presented on appeal by appellant (appellee did not favor the court with a brief originally nor has he appeared in opposition to the application for *Page 932 
rehearing). There is no appearance of breach of warranty in the case until the opinion of this court
Rule 54 (c), A.R.C.P., was never intended to be so broad as to permit an appellate court to affirm a judgment upon a cause of action not pleaded, tried nor considered by the trial court merely because it appears from the record that some evidence presented might tend to sustain such action if it had been pleaded. Carden v. Penney, 362 So.2d 266 (Ala.Civ.App. 1978) The introduction of the deed as evidence was not for the purpose of proving the warranty but merely to show the representation
We have said many times that the court will not consider on appeal a theory of recovery presented here for the first time and never presented below. Hutchins v. Shepard, 370 So.2d 275
(Ala. 1979). It must follow that this court may not sua sponte raise a theory from the record to sustain a judgment entered after trial upon a different theory. To do so would violate the essentials of due process and fair play
We recognize that upon rehearing the majority of the court, without withdrawing its original erroneous basis for affirmance, now sustains the judgment upon the primary issue originally presented by appellant, i.e., the defense of the statute of limitations fails. I agree that there is sufficient evidence in the record to support the judgment of the trial court upon the cause of action for fraud. I concur in the affirmance on rehearing upon that ground. However, I strongly dissent from the original decision and the failure to delete it from the record on rehearing. I would grant rehearing, withdraw our original opinion and enter a new decision upon rehearing
It is not my intent to reflect upon the work of Judge Scruggs in writing the original opinion. As has been said, I participated in and approved it. I was in error. This court is deeply in debt to Judge Scruggs for his distinguished aid in maintaining the current status of the court for the last two years