EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
In the stating portion of her complaint, the wife alleged the ages and residency of the parties, that they were married and had no children, that an incompatibility of temperament exists between them, that she needs pendente lite support, and that the wife is without sufficient funds to pay her attorney but that the husband is financially capable of contributing for her legal services. Only the following relief was requested: a divorce, that the husband pay the wife’s attorney fees and the court costs, that her maiden name be restored to her and for general relief.
Her motion for pendente lite support was denied.
The complaint was served upon the husband, and, upon his failure to appear and plead, a default was entered against him. In the wife’s testimony by written interrogatories, she stated that the parties owned a 1980 Pontiac automobile, which she considered to be her car, and that she had paid the last four installments upon that vehicle’s debt. The circuit court rendered a final divorce judgment which taxed her with the court costs and restored her maiden name to her. It also contained the following relief which is now questioned: It granted the 1980 vehicle to her, made the husband “responsible for said payments” and rendered judgment against him for $893.88 for the preceding four monthly auto installments which the wife had paid.
The husband promptly filed a Rule 59 motion to set aside the final default judgment on the primary ground that the relief which was granted which related to the vehicle and its past and present indebtedness was different in kind and exceeded the relief which the wife prayed for in her demand for judgment in her complaint or as was alleged in that pleading.
A timely appeal has been taken by the husband from the judgment of the trial court which denied his motion. In that judgment, the circuit court stated that, in its opinion, the prayer for general relief properly placed in issue not only the status of the marital relationship itself but also the property rights and obligations of the parties in those possessions acquired during the course of the marriage, the automobile in question having been so obtained jointly by the parties. Accordingly, it was determined that A.R.C.P. Rule 54(c) did not preclude the judgment which was rendered.
Rule 54(c) provides as follows:
(c) Demand for judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a *904 judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
Only the first sentence of that rule is presently in controversy. Since this case involves a judgment by default, the rule’s second sentence has no application by its expressed provisions. Hence, the only case as cited by the wife to this court, Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21 (1975) has no pertinence since it was based upon the latter portion of Rule 54(c) and upon Rule 15(b). Awad did not concern a default judgment and the matter of the unrequested relief had been impliedly tried by consent.
The case of Northcutt v. Northcutt, 262 Ala. 98, 77 So.2d 336 (1954), was decided prior to the adoption of the A.R.C.P. There, that court was only deciding that, upon a collateral attack, a divorce decree would be allowed to stand although it granted permanent alimony as an incident to a bill for a divorce under a prayer for general relief although no prayer was made in the complaint for such specific relief. It was an answer and waiver case and did not involve a judgment by default. The court made it crystal clear that it was not dealing with a direct attack upon a judgment through a timely appeal but was solely concerned with a collateral attack upon the judgment.
We similarly strongly stress that we are concerned only with a direct attack upon the judgment and not with a collateral attack thereon.
The committee comments concerning the first sentence of Rule 54(c), stated that it is based upon the fundamental unfairness of giving greater or different relief in a judgment from that of which the defendant was given notice by the complaint in cases where he does not appear and defend against the action.
We have located only one Alabama opinion which construes a Rule 54(c) default case, Continental Casualty Company v. Barter, 55 Ala.App. 441, 316 So.2d 690 (1975). There, the complaint which was served upon the defendant claimed $2,500 as damages, but the default judgment was for $2,856. This court held that the trial court had no authority to render its default judgment since it was entered for an amount exceeding that claimed in its original complaint, it being stated therein, “It is obviously the purpose of the rule that a defendant after being served with a complaint and determining not to appear and defend, not be found liable after default for a different offense or amount of damages than that originally charged.”
Although the second sentence of Rule 54(c) is therein involved, the following language from Carden v. Penney, 362 So.2d 266 (Ala.Civ.App.1978) may be utilized when construing the first sentence of the rule:
Accordingly, logic dictates that in those situations where an opposing party has no notice, by pleadings ... regarding the claim upon which relief is granted by means of Rule 54(c) and is thereby denied an opportunity to have challenged or defended against such a claim, the opposing party has suffered substantial prejudice and the judgment granting relief must be reversed. (Cite omitted.)
362 So.2d at 269.
A party should have the right to assume that a court’s judgment following his default will not extend beyond the issues presented by the complaint and the relief requested therein. He is deprived of his day in court if a default judgment is taken against him which neither comports with the issues stated nor. with the relief sought. In a judgment-by-default divorce case, before a disposition of property, or the payment of debts may be granted or ordered, those issues should be reasonably disclosed by a fair reading of the complaint therein either in the statement of the claim or in the demand for judgment. While we have notice pleadings, they must at least give notice. A litigant should be able to reasonably glean somewhere from the complaint which is served upon him that his spouse is seeking a property settlement and *905 the payment of debts by him. Pleadings must claim relief or allege facts which are sufficient to give notice of the desire for such a property award or for the payment of debts before a judgment by default may render such relief. Where such notice is neither demanded in nor disclosed by the pleadings, the awarding of such relief in a divorce judgment by default is erroneous, and it is subject to a direct attack through a timely appeal.
We reverse and remand.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code (1975), and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.