The wife brought contempt proceedings against the husband for failure to pay required child support and periodic alimony. The trial court found the husband in contempt and modified the child support and alimony provisions.
The wife appeals, contending the trial court was without authority to modify the alimony and child support provisions because the husband did not petition for modification and because the issue was not tried by the implied or express consent of the parties. We agree and reverse.
We do not deem it necessary nor prudent to set out in detail the facts of the instant appeal. The following is sufficient. The parties were divorced in May of 1982. An agreement of the parties was incorporated into the divorce decree. By this agreement the husband agreed to pay $200 biweekly as child support and $50 biweekly as alimony.
In April of 1983, the instant contempt proceedings were filed by the wife. It was alleged the husband owed $900 in alimony and $3,200 in child support.
At trial, the husband admitted that he owed $3,600 in child support and $900 in alimony. The trial court entered an order of contempt for these amounts.
The trial court then ex mero motu and over objection modified the alimony and child support provisions. Additionally, the trial court entered an order allowing the husband to claim the two children as dependents for income tax purposes.
Specifically, the trial court suspended the payment of alimony until 1986 at which time the husband would pay $25 per week. Child support payments were modified to the sum of $50 per week. Certain other adjustments were ordered.
We do not deem it necessary to unduly lengthen nor belabor the issue at hand. We find the following in Carden v. Penney,362 So.2d 266, 268-69 (Ala.Civ.App. 1978), to be appropriate and dispositive:
 "Under the provisions of Rule 54 (c) of the Alabama Rules of Civil Procedure it is the duty of the court to grant relief to which a party is entitled irrespective of the request for relief contained in the pleadings. Penney v. Carden, [356 So.2d 1188
(Ala. 1978)]. See 6 Moore's Federal Practice § 54.62 (1976). However, Rule 54 (c) does not sanction the granting of relief not requested in the pleadings where it appears that a party's failure to ask for particular relief has substantially prejudiced the opposing party. Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); Rental Development Corporation of America v. Lavery, 304 F.2d 839 (9th Cir. 1962); Penney v. Carden, supra. Moreover, if the relief granted pursuant to Rule 54 (c) is not justified by the proof or is justified by proof which the opposing party has not had an opportunity to challenge, the relief granted should not be sustained on appeal. See 10 Wright 
Miller Federal Practice and Procedure § 2662 (1973). Accordingly, logic dictates that in those situations where an opposing party has no *Page 123 
notice, by pleadings or otherwise, regarding the claim upon which relief is granted by means of Rule 54 (c) and is thereby denied an opportunity to have challenged or defended against such a claim, the opposing party has suffered substantial prejudice and the judgment granting relief must be reversed. See United States v. Hardy, 368 F.2d 191 (10th Cir. 1966). Indeed, such a rule is fundamental to the essentials of due process and fair play. Sylvan Beach, Inc. v. Koch, 140 F.2d 852 (8th Cir. 1944)."
In this instance the wife, a nonresident, filed a contempt proceeding. The husband filed no petition to modify nor made any oral request for modification. The husband appeared pro se.
The wife, a nonresident, appeared by counsel. The following transpired at the contempt hearing:
 "[WIFE'S COUNSEL:] We object to the court modifying the alimony and the child support payments as there's been no showing of substantial change in circumstances and there having been no petition for modification filed by Mr. Price.
 "THE COURT: All right, sir. I understand counsel's objection and I am also sensitive to the fact that Mr. Price is pro se and I know and recognize the equities in the case are such that were he to have an attorney, his attorney would have a modification. The Court is doing it ex mero motu out of a sense of trying to protect Mr. Price's rights; vis-a-vis, his being pro se versus Mrs. Price being represented by you, Mr. Parsons."
Under the above circumstances, due process and fair play require reversal. See Carden v. Penney, 362 So.2d 266
(Ala.Civ.App. 1978).
The wife has requested an attorney's fee for representation on appeal. A fee of $350 is hereby awarded.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THE ABOVE.
WRIGHT, P.J., and BRADLEY, J., concur.