This is an appeal from a final judgment of modification entered in a contempt action.
This case originated by way of a petition to show cause why Charles Earl Roberson (husband) should not be held in contempt for failure to pay child support. At a hearing on December 29, 1988, an agreement of the parties was read to the court. On February 1, 1989, the trial court entered an order, finding that the husband was $8,821 in arrears in payment of child support and that, as a condition of release from custody of the St. Clair County sheriff, $4,000 was to be paid toward the arrearage. In addition, the husband was to pay $200 per month as current and continuing child support, plus an additional sum of $100 per month toward the balance of the arrearage. The petition was to remain pending for six months, and the parties were only to return to court if the order was not followed. The husband did not pay the $4,000, but had been released from jail, prior to the trial court order, after the signing of an appearance bond on January 16, 1989.
Some one and one-half months following the issuance of the order, the $4,000 on the arrearage had not been paid; the husband was further in arrears, and the parties were back in court on the contempt action. After the wife rested her case, the trial court questioned the husband regarding current expenses and ex mero motu entered an order amending its February 1, 1989, order, showing the arrearage as $9,221, reducing the monthly child support from $200 to $100, and reducing the monthly amount to be applied to the arrearage *Page 947 
from $100 to $25. The wife appeals. We affirm in part and reverse in part.
The dispositive issue is whether the trial court erred in modifying the amount of monthly child support and arrearage payments where no petition for modification was filed and there was no oral request for modification. This court has held that, where modification was not sought by written or oral petition or request and the issue was not tried expressly or impliedly with the consent of the parties, fair play and due process dictate a reversal. Parnell v. Parnell, 500 So.2d 1137
(Ala.Civ.App. 1986); Price v. Price, 442 So.2d 121
(Ala.Civ.App. 1983).
In the instant case, we find that there was no request for modification, either written or oral, that there was no express or implied consent of the parties, and that, therefore, the judgment is due to be affirmed as to the amount of total arrearage and reversed and remanded with instructions for the trial court to reinstate its February 1, 1989, order as to monthly child support and arrearage payments.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.