L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in April 1988 in the Circuit Court of Marshall County. The divorce decree, ratifying an agreement of the parties, provided that the father would convey his interest in the marital home to the mother. The decree obligated the father to pay the monthly mortgage installments:
“until such time as the Wife shall remar.ry or openly cohabit with a member of the opposite sex, or until the youngest child reaches 22 years of age, dies, marries or becomes self-supporting, whichever event occurs first.... The Wife agrees to assume and pay mortgage payments after Husband is no longer responsible for said payments.... ”
The parties agreed to waive any additional claims against each other, “including alimony in any form, except as specifically stated in this Agreement.”
In October 1989 the mother filed a petition, requesting, among other things, that the father be held in contempt for failure to pay certain of the children’s dental and medical bills and that custody and child support for the son of the parties be restored to the mother.
In November 1989 the father filed a counterclaim seeking a contempt citation and a modification. He asked for relief from the mortgage payments on the marital home due to the mother’s breach of the condition of noncohabitation. He also requested other remedies regarding child custody and visitation.
In December 1989 the marital home and its contents were destroyed by fire. An evidentiary hearing was held in January 1990. At that hearing the mother testified that proceeds from a fire insurance policy she had maintained on the home were ex *1156 pected to be received. She expected to receive $45,000 for the home and $10,000 for the contents. She anticipated that the $17,000 outstanding mortgage would be satisfied from the insurance proceeds and that she would receive the balance of approximately $38,000.
Following the evidentiary hearing the trial court awarded custody of the parties’ son to the mother and increased child support to $450 for the parties’ two children. The court further determined that the father’s original obligation to make the mortgage payments on the marital home constituted “child support and periodic alimony.” The father was ordered to make monthly payments to the mother in the amount of $300 in lieu of the mortgage payments, that sum to be paid until the mother remarries or openly cohabits with a member of the opposite sex, or until the younger child of the parties reaches 22 years of age, dies, marries, or becomes self-supporting, whichever event occurs first. The court denied any contempt relief. The court made further orders that are not pertinent to this appeal.
The father appeals and asserts that the court’s order denominating the mortgage payments as “child support and periodic alimony,” and modifying the same, constituted an abuse of discretion and violated his due process rights because the issue was not raised in the pleadings or at trial.
As noted previously, the mother’s petition asked for custody of the parties’ son, an increase in child support, and a contempt judgment for the payment of certain medical bills. In his counterclaim the father asked, among other things, to be relieved from the mortgage payments because of the mother’s alleged cohabitation. Subsequent to the pleadings being filed, but prior to the hearing, the house was destroyed by fire. At the hearing the mother testified that the outstanding mortgage on the marital home would be retired with the proceeds from the insurance policy. There was no discussion or evidence presented involving the father’s future liability after the retirement of the mortgage. Even the mother’s attorney, while examining the father, made the observation that the father would be relieved of a “substantial payment” once the mortgage was retired. From our review of the record it appears that the parties considered the issue concerning the mortgage payments to be moot at trial. The father therefore did not present any evidence to substantiate his complaint of alleged cohabitation, nor did he present evidence concerning a material change in circumstances of the parties. The latter is the appropriate standard for consideration of an alimony modification. Griffin v. Griffin, 479 So.2d 1283 (Ala.Civ.App.1985).
A court may render judgment on a matter that has been tried either with the express or implied consent of the parties, even if that matter was not raised in the pleadings. Rules 15(b) and 54(c), Alabama Rules of Civil Procedure. These rules, however, do not sanction the granting of nonrequested relief where it appears that a party’s failure to ask for particular relief or to present evidence in support of the particular relief has substantially prejudiced the opposing party. Price v. Price, 442 So.2d 121 (Ala.Civ.App.1983).
We cannot say that the issue of alimony was tried by the express or implied consent of the parties in this case. The record did contain evidence concerning a material change in circumstances of the mother. The bulk of the evidence, however, was centered around the disposition of child custody, child support, and the father’s refusal to pay certain medical expenses. There was no indication that a clarification of the mortgage payment provision in the original decree was being considered. There was no indication that a modification of alimony was being considered until the court rendered its decision. The court’s decision denominating the mortgage payment as “child support and periodic alimo--ny” further complicated the matter.
The father, in his motion for new trial, objected to the court’s sua sponte decision regarding alimony and alleged that he was prejudiced because he was not afforded the opportunity to present evidence relating to *1157 the determination of alimony. The court denied the motion. We find that under the circumstances of this case due process and fair play require reversal. Roberson v. Roberson, 558 So.2d 946 (Ala.Civ.App.1990); Parnell v. Parnell, 500 So.2d 1137 (Ala.Civ.App.1986); Price; Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977). The motion for new trial should have been granted.
The father further asserts that the court erred in its computation of child support. The court’s order concerning child support provides the following:
“[T]he [father] shall pay to the [mother], as child support and periodic alimony, the sum of $300 each month, beginning in the month of February, 1990.
“That, in compliance with the child-support guidelines as provided by Rule 32 A.R.J.A., the [father] shall pay as additional child support, the sum of $450.00 each month, beginning in February, 1990, and payable through April, 1990, at which time the sum shall be reduced to the sum of $300.00.”
The record does not contain any of the documentation required by Rule 32. Specifically, there are no figures regarding the insurance the father carries for the children nor are there figures regarding the amount the father pays pursuant to the original decree for the reasonable and necessary medical, dental, optical, drug, and educational expenses for the children. We are unable to reconstruct what the Rule 32 figure should be. The matter is further complicated by the court’s designation of the mortgage payments as “child support and periodic alimony.” The failure to delineate which portion of that award as child support frustrates any reconstructive effort.
This matter is remanded to the trial court for the court to initially reassess its designation of the mortgage payments as “child support and periodic alimony.” If the court determines that the mortgage payments should be designated as periodic alimony, there should be an evidentiary hearing so that the parties may present evidence as to the modification of alimony. The court is directed to re-evaluate its child support order with consideration given to the method of evaluation promulgated by Rule 32.
The father’s request for attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.