The Alabama Department of Human Resources ("the State"), on behalf of Martha Jane Horton,[1] petitioned the Marshall County Circuit Court to hold Horton's former husband, Allen Ricky Mosley, in contempt of court for failing to pay a portion of his minor *Page 107 
child's dental expenses. Horton and Mosley's divorce judgment required Mosley to pay half of the child's dental expenses not covered by Mosley's medical insurance.[2] Mosley, acting pro se, responded by denying the allegations and demanding "strict proof thereof." At the hearing on the petition, the State established through Horton's testimony that she either had paid, or had contractually obligated herself to pay, for dental work for the child; that the dental work was medically necessary and was ongoing; and that Mosley had failed to contribute his share. Mosley, representing himself at the hearing, testified that he was financially unable to pay for half of the child's dental work. At no time, either before or during the hearing, did he request that the divorce judgment be modified so as to reduce his obligation to pay half of his child's dental expenses. The trial court, not finding Mosley in contempt, modified the divorce judgment by making Mosley responsible for one-third of the cost of the dental treatment for the minor child.
The State moved for a new trial, arguing that the trial court's order was contrary to the applicable law and that it addressed an issue not raised by the pleadings. The trial court denied the motion, stating in part:
 "The trial in this matter was regarding issues of contempt of court and [Mosley's] oral defense that he was unable to pay the [previously] ordered dental expenses and that [Horton] refused repeatedly to give him any information regarding dental treatment of the parties' son. [Mosley's] oral request complied with [Roberson v. Roberson, 558 So.2d 946 (Ala.Civ.App. 1990)]."
The State appealed to the Court of Civil Appeals, which affirmed the trial court's order without an opinion.679 So.2d 384 (table). The State then sought certiorari review in this Court, pursuant to Rule 39, Ala.R.App.P. We reverse and remand.
The State contends that the Court of Civil Appeals erred in not reversing the trial court's order. The State argues that the trial court lacked the authority to modify Mosley's child support obligation in the absence of a proper request by him to do so, and that the effect of the order was to retroactively set aside Mosley's obligation to pay for half of the child's dental expenses. We agree. It is well settled that a parent's obligation under a divorce judgment to support his or her child is not subject to modification in the absence of a written or oral request to modify, unless the issue is tried either expressly or impliedly with the consent of the parties.State ex rel. Thompson v. Thompson, 586 So.2d 7 (Ala.Civ.App. 1991); Roberson v. Roberson, 558 So.2d 946 (Ala.Civ.App. 1990); Parnell v. Parnell, 500 So.2d 1137 (Ala.Civ.App. 1986); Price v. Price, 442 So.2d 121 (Ala.Civ.App. 1983);Carden v. Penney, 362 So.2d 266 (Ala.Civ.App. 1978). As previously noted, the State had petitioned to have Mosley held in contempt for failing to comply with his support obligation. He defended on the ground that he was financially unable to pay the amount requested by the State. He did not seek a modification of his child support obligation by filing a written petition or request or by making an oral request at the hearing. Although the State questioned Mosley regarding his financial condition (an issue that is germane in a contempt proceeding of this kind), there is no indication in the record that the State consented, either expressly or impliedly, to try the issue of whether Mosley's obligation to pay half of the child's dental expenses should be reduced.[3]
It is also well established that a trial court cannot, on a petition for modification, relieve a parent of a child support obligation that has already accrued. Whitt v. Whitt, 276 Ala. 685, 166 So.2d 413 (1964); *Page 108 Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963); Frasemerv. Frasemer, 578 So.2d 1346 (Ala.Civ.App. 1991); Waltman v.Waltman, 528 So.2d 867 (Ala.Civ.App. 1988). The record indicates that at the time of the hearing Horton had either paid, or had contractually obligated herself to pay, for medically necessary dental work for the child. Mosley was obligated under the divorce judgment to pay half of the child's dental expenses not covered by his insurance. Therefore, even if the issue of modification had been properly raised and tried, the trial court lacked the authority to "forgive" or set aside Mosley's obligation to pay for the child's dental care because that obligation had already accrued.
The judgment of the Court of Civil Appeals is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, and BUTTS, JJ., concur.
[1] During the course of these proceedings Ms. Martha Jane Mosley remarried and is now Martha Jane Horton.
[2] The record indicates that the expenses at issue in this case were not covered by insurance.
[3] Our view of the facts and the applicable law is not influenced by the fact that Mosley represented himself at the hearing or by the trial court's apparent finding of an implied oral request for modification. Although Mosley stated at the hearing that he had not previously sought a modification of the divorce judgment because he could not afford to hire an attorney to represent him, he never asked the trial court to reduce his child support obligation. Thus, the State was never put on notice that modification of the divorce judgment would be an issue at the hearing. See Price v. Price, supra.