YATES, Judge.
On October 17, 1990, the trial court divorced the parties, incorporating into the final divorce judgment an agreement in which the wife was to receive, among other things, $1000 per month in periodic alimony. In October 1992, the husband petitioned for a modification of the periodic alimony, arguing that his unemployment was a material change in circumstances requiring a reduction; the court denied the husband’s petition on October 5,1994.
In April 1995, the wife brought a contempt proceeding against her former husband for his failure to pay periodic alimony. The evidence presented at the hearing revealed that the husband had for many months made only partial payments or no payments. The court found that the husband was approxi *315 mately $5600 in arrears and held him in contempt. The court then, ex mero motu, reduced the husband’s monthly alimony obligation to $424.50. The wife appeals, arguing that the court denied her an entitlement without affording her due process.
We have previously addressed this issue in Price v. Price, 442 So.2d 121 (Ala.Civ.App.1983), a factually similar case. In Price, we held that a trial court commits reversible error if it modifies alimony provisions of a divorce judgment when no petition to modify has been filed and no oral request for modification has been made. The following language is dispositive:
“Under the provisions of Rule 54(c) of the Alabama Rules of Civil Procedure it is the duty of the court to grant relief to which a party is entitled irrespective of the request for relief contained in the pleadings. However, Rule 54(c) does not sanction the granting of relief not requested in the pleadings where it appears that a party’s failure to ask for particular relief has substantially prejudiced the opposing party. Moreover, if the relief granted pursuant to Rule 54(c) is not justified by the proof or is justified by proof which the opposing party has not had an opportunity to challenge, the relief granted should not be sustained on appeal. Accordingly, logic dictates that in those situations where an opposing party has no notice, by pleadings or otherwise, regarding the claim upon which relief is granted by means of Rule 54(c) and is thereby denied an opportunity to have challenged or defended against such a claim, the opposing party has suffered substantial prejudice and the judgment granting relief must be reversed. Indeed, such a rule is fundamental to the essentials of due process and fair play.”
Id., at 122-23 (citations omitted).
The husband, who appeared pro se, did not file a petition to modify and made no oral request for a modification. We note that during his testimony the husband referred to modification of the alimony provision, but it is clear from that testimony that he was discussing his October 1992 modification petition. Due process and fair play require reversal of the trial court’s judgment; the case is remanded for the court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and CRAWLEY, J., concur.