MOORE, Judge,
concurring in the result.
I agree that the trial court’s judgment is due to be reversed; however, my reasoning for reversing is different from that of the main opinion.
“Under the provisions of Rule 54(c) of the Alabama Rules of Civil Procedure it is the duty of the court to grant relief to which a party is entitled irrespective of the request for relief contained in the pleadings. Penney v. Carden, [356 So.2d 1188 (Ala.1978) ]. See 6 Moore’s Federal Practice § 54.62 (1976). However, Rule 54(c) does not sanction the granting of relief not requested in the pleadings where it appears that a party’s failure to ask for particular relief has substantially prejudiced the opposing party. Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); Rental Development Corporation of America v. Lavery, 304 F.2d 839 (9th Cir.1962); Penney v. Carden, supra. Moreover, if the relief granted pursuant to Rule 54(c) is not justified by the proof or is justified by proof which the opposing party has not had an opportunity to challenge, the relief granted should not be sustained on appeal. See 10 Wright & Miller, Federal Practice and Procedure § 2662 (1973). Accordingly, logic dictates that in those situations where an opposing party has no notice, by pleadings or otherwise, regarding the claim upon which relief is granted by means of Rule 54(c) and is thereby denied an opportunity to have challenged or defended against such a claim, the opposing party has suffered substantial prejudice and the judgment granting relief must be reversed. See United States v. Hardy, 368 F.2d 191 (10th Cir.1966). Indeed, such a rule is fundamental to the essentials of due process and fair play. Sylvan Beach, Inc. v. Koch, 140 F.2d 852 (8th Cir.1944).”
Carden v. Penney, 362 So.2d 266, 268-69 (Ala.Civ.App.1978).
In the present case, Robert Daniel Lev-erett (“the husband”) does not argue that he was prejudiced by not having had an opportunity to defend against the request for a legal separation set forth in the postjudgment motion filed by Debra Edmondson Leverett (“the wife”). The husband does, however, correctly argue that the wife failed to present any evidence *969 to support the judgment of legal separation. Thus, I conclude that the trial court’s judgment of legal separation was not supported by the evidence and is due to be reversed. See, e.g., Lockridge v. Lockridge, 77 So.3d 148, 155-56 (Ala.Civ.App.2011) (holding that there was insufficient evidence to support a judgment of legal separation as opposed to an absolute divorce); Carden, 362 So.2d at 269 (holding that judgment must be reversed if not justified by proof).