MOORE, Judge.
Lee Ladd Corrigan Young ("the mother") appeals from separate, but almost identical, judgments entered by the Mobile Circuit Court ("the trial court") in postdivorce contempt and modification proceedings between the mother and Richard E. Corrigan ("the father"). We affirm the judgments in part and reverse the judgments in part.
Procedural History
On December 17, 2008, the parties were divorced by a judgment entered by the trial court. That judgment, among other things, awarded the parties joint legal custody of their child; awarded the mother "primary" physical custody of the child; awarded the father visitation with the child every other weekend, on Wednesday of every week, for one month during the summer, every Father's Day, on the father's birthday, and on alternating holidays; ordered the father to pay child support for the child; ordered the father to "provide major medical insurance for the ... child"; ordered the parties to "equally divide all uninsured medical and dental expenses not otherwise covered by insurance after deductibles and co-pays are met by [the mother]"; and ordered the parties to "equally divide the costs of the attendance of the ... child ... at UMS-Wright Preparatory School." The father was also awarded the "first right of refusal to have the minor child of the parties stay with him in the event [the] Mother has the need for a babysitter."
On May 30, 2014, the father filed a petition for a rule nisi, alleging that the mother had failed to allow the child to visit him on his birthday and had failed to offer him the right of first refusal when she needed a babysitter for the child; that case was assigned case no. DR-06-501848.03. On June 10, 2014, the mother *377 filed an answer. On July 21, 2014, the father filed a motion seeking to enforce his summer-visitation rights; he also requested sanctions for the mother's failure to allow him to exercise his summer visitation with the child. The father filed an amended petition for a rule nisi on July 22, 2014.
On January 14, 2015, the mother filed a petition requesting that the trial court hold the father in contempt for his failure to pay child support; she also requested both a suspension and a decrease of the father's visitation. That case was assigned case no. DR-06-501848.04. On June 26, 2015, the father filed in case no. DR-06-501848.03 another amended petition for a rule nisi, alleging that the mother had continued to interfere with his visitation. On that same date, the trial court entered orders in both cases appointing a guardian ad litem to represent the interests of the child. On August 14, 2015, the mother filed in case no. DR-06-501848.04 an amended petition seeking to hold the father in contempt and to modify the father's child-support obligation.
On March 14, 2016, the trial court entered an order, based upon an agreement of the parties, stating that a "visitation evaluation" would be conducted on the parties with the father paying the costs of the evaluation.
After a trial, the trial court entered, on November 2, 2016, separate, but almost identical, judgments finding the mother in contempt of court for allowing the child "to make her own decisions as to visitation with the [father]"; providing that the mother could purge herself of contempt by ensuring that the father receive "rehabilitative visitation, commencing November 4, 2016 throughout that weekend" and, "[t]hereafter, every weekend until January 6, 2017"; finding the father in contempt of court "for his willful failure to pay child support and tuition" for the child; modifying the father's monthly child-support obligation to $896.60 in compliance with Rule 32, Ala. R. Jud. Admin.; ordering the mother and the father to "confer so that major decisions affecting the welfare of the child shall be determined jointly[, including,] but not limited to, [decisions regarding] education, discipline, religion, medical, and the general upbringing of the child"; ordering the mother and the father to "divide their custodial periods of time on a weekly basis, with the exchange occurring on Fridays afer school, or at 6:00 p.m. if there is no school on any given Friday"; ordering the mother to pay "$5,800.00 for ... reasonable attorney's fees and $3,700.00 for counseling fees"; ordering the parties to "maintain health insurance on the minor child in the same manner in which it currently exists"; and ordering the mother and the father to each "pay one-half of said insurance premium expense monthly and [to] pay one-half of all uninsured and/or unreimbursed medical, dental, pharmaceutical, psychological, psychiatric, optical or orthodontic expenses of the ... child, including copayments."
On November 3, 2016, the guardian ad litem for the child filed a postjudgment motion. On December 1, 2016, the mother filed a postjudgment motion. On January 27, 2017, the trial court amended the judgments regarding matters not pertinent to these appeals. On February 10, 2017, the mother filed her notices of appeal.
Discussion
I. Due-Process Issues
On appeal, the mother first argues that the trial court's judgments are void because, she says, the trial court failed to afford her due process to the extent that the judgments modify portions of the divorce judgment by providing for the payment of health-insurance costs, by ordering her to pay counselor fees, and by *378 modifying the legal and physical custody of the child when there were no claims pending requesting such relief.
" ' "A judgment is void only if the court which rendered it [1] lacked jurisdiction of the subject matter, or [2] of the parties, or [3] if it acted in a manner inconsistent with due process." ' Neal v. Neal, 856 So.2d 766, 781 (Ala. 2002) (quoting Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala. 1978) ). See also Smith v. Clark, 468 So.2d 138, 141 (Ala. 1985) ; Cassioppi v. Damico, 536 So.2d 938, 940 (Ala. 1988) ; Pollard v. Etowah County Comm'n, 539 So.2d 225, 228 (Ala. 1989) ; Satterfield v. Winston Indus., Inc., 553 So.2d 61, 64 (Ala. 1989) ; Fisher v. Amaraneni, 565 So.2d 84, 87 (Ala. 1990) ; Hughes v. Cox, 601 So.2d 465, 467-68 (Ala. 1992) ; Greene v. Connelly, 628 So.2d 346, 351 (Ala. 1993) ; and Rule 60(b)(4), Ala. R. Civ. P.
" ' "[I]t is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing."
" ' Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940) (emphasis added).' "
M.H. v. Jer. W., 51 So.3d 334, 337 (Ala. Civ. App. 2010) (quoting Neal v. Neal, 856 So.2d 766, 781-82 (Ala. 2002) ).
"In Carden v. Penney, 362 So.2d 266 (Ala. Civ. App. 1978), this court explained that Rule 54(c), Ala. R. Civ. P., authorizes a trial court to grant to a party the relief to which that party is entitled 'irrespective of the request for relief contained in the pleadings.' 362 So.2d at 268.
" 'However, Rule 54(c) does not sanction the granting of relief not requested in the pleadings where it appears that a party's failure to ask for particular relief has substantially prejudiced the opposing party. Albe[ ]marle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) ; Rental Development Corporation of America v. Lavery, 304 F.2d 839 (9th Cir. 1962) ; Penney v. Carden, [356 So.2d 1188 (Ala. 1978) ]. Moreover, if the relief granted pursuant to Rule 54(c) is not justified by the proof or is justified by proof which the opposing party has not had an opportunity to challenge, the relief granted should not be sustained on appeal. See 10 Wright & Miller[,] Federal Practice and Procedure § 2662 (1973). Accordingly, logic dictates that in those situations where an opposing party has no notice, by pleadings or otherwise, regarding the claim upon which relief is granted by means of Rule 54(c) and is thereby denied an opportunity to have challenged or defended against such a claim, the opposing party has suffered substantial prejudice and the judgment granting relief must be reversed. See United States v. Hardy, 368 F.2d 191 (10th Cir. 1966). Indeed, such a rule is fundamental to the essentials of due process and fair play. Sylvan Beach, Inc. v. Koch, 140 F.2d 852 (8th Cir. 1944).'
" 362 So.2d at 268-69."
Myers v. Myers, 206 So.3d 649, 651-52 (Ala. Civ. App. 2016).
A. Health-Insurance Costs
With regard to the mother's challenge to the trial court's modifying the divorce judgment to provide for the payment of health-insurance costs, we note that the mother failed to make this argument to the trial court. "Unless there is an absence of jurisdiction over the subject *379 matter, appellate courts will not consider constitutional challenges which were not presented to the trial court." Tucker v. State, 445 So.2d 311, 314 (Ala. Civ. App. 1984). See also Austin v. Austin, 159 So.3d 753, 759-60 (Ala. Civ. App. 2013) (holding that issue whether notice was afforded in accordance with due process must be preserved). Accordingly, we do not consider this argument.
B. Counselor Fees
With regard to the provisions of the judgments requiring the mother to pay the counselor's fees, we note that the father testified at the trial that he was requesting that the mother reimburse him for his payment of the counselor's fees. The mother did not object to the father's testimony on the basis that that issue had not been pleaded. When an issue is "raised at trial without objection, ... it [is] tried by the implied consent of the parties." S.A.M. v. M.H.W., 227 So.3d 1232, 1233 (Ala. Civ. App. 2017). Rule 15(b), Ala. R. Civ. P., provides that, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Because the mother failed to object to the father's testimony indicating that he was requesting that the mother be ordered to reimburse him for the counselor's fees he had paid, we conclude that the mother's argument on this point is without merit. We note that the mother also argues that the trial court was barred by the equitable doctrine of estoppel from ordering her to pay the counselor's fees and that the fee award was inequitable; however, those arguments were not preserved for review in the trial court, and we therefore decline to address them. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992) ("This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.").
C. Custody
The mother also argues that the trial court erred by modifying the legal and physical custody of the child. The divorce judgment awarded the parties joint legal custody of the child and awarded the mother "primary" physical custody.
"[T]here is but one way to interpret a judgment that awards 'joint custody' with an award of 'primary physical custody' to one parent-such a judgment must be interpreted as awarding the parents joint legal custody and awarding one parent sole physical custody, the term used by [ § 30-3-151, Ala. Code 1975,] to denote a parent being favored with the right of custody over the other parent, who will receive visitation."
Smith v. Smith, 887 So.2d 257, 262 (Ala. Civ. App. 2003).
With regard to legal custody, both the divorce judgment and the judgments at issue in these appeals award the mother and the father joint legal custody of the child. See Ala. Code 1975, 30-3-151(2) (defining "joint legal custody" as "[b]oth parents hav[ing] equal rights and responsibilities for major decisions concerning the child, including, but not limited to, the education of the child, health care, and religious training"). Thus, we find no error with regard to the trial court's award of joint legal custody.
With regard to the award of joint physical custody, we note that the divorce judgment awarded the mother sole physical custody of the child and awarded the father certain specified visitation. The judgments at issue in these appeals, however, order the parties "to divide their custodial periods of time on a weekly basis, *380 with the exchange occurring on Fridays afer school, or at 6:00 p.m. if there is no school on any given Friday." As the mother points out, there was no request for a modification of custody pleaded by either party.
" Rule 15(b), Ala. R. Civ. P., provides a trial court with the authority to amend the pleadings to conform to the evidence when the parties impliedly consent to litigate an issue. However, if the evidence purportedly related to an unpleaded claim overlaps with, or actually relates solely to, a pleaded claim, introduction of that evidence will not imply the consent necessary to allow amendment of the pleadings under Rule 15(b). See CVS/Caremark Corp. v. Washington, 121 So.3d 391, 398-99 (Ala. Civ. App. 2013)."
Myers, 206 So.3d at 653.
In the present cases, although evidence regarding the child's custody was introduced, that evidence also related to other issues that were properly pleaded and were before the trial court. Thus, we cannot conclude that the issue of a modification of the physical custody of the child was tried by implied consent. Because the mother did not have notice of or an opportunity to be heard concerning a modification of the physical custody of the child, we conclude that her rights to due process were violated. M.H., 51 So.3d at 337 ; Myers, 206 So.3d at 651-52. Therefore, we reverse the trial court's judgments to the extent that they modify the physical custody of the child. We further note that a "modification of custody is not the proper remedy for a visitation dispute." Cochran v. Cochran, 5 So.3d 1220, 1228 (Ala. 2008).
II. Contempt
The mother next argues that the trial court erred in holding her in contempt of court because, she says, the child decided on her own not to visit the father.
" 'Absent an abuse of discretion, or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, the determination of whether a party is in contempt is within the sound discretion of the trial court.' Shonkwiler v. Kriska, 780 So.2d 703, 706 (Ala. Civ. App. 2000) (citing Shellhouse v. Bentley, 690 So.2d 401 (Ala. Civ. App. 1997) )."
Carnes v. Carnes, 82 So.3d 704, 715 (Ala. Civ. App. 2011).
Although there are several cases in which this court has held that a custodial parent should not be held in contempt for a child's refusal to visit his or her noncustodial parent, see, e.g., Ezell v. Graham, 135 So.3d 979 (Ala. Civ. App. 2013), Shellhouse v. Bentley, 690 So.2d 401 (Ala. Civ. App. 1997), and Stringfellow v. Stringfellow, 553 So.2d 1161 (Ala. Civ. App. 1989),
"[i]n some instances the custodial parent, in defiance of court-granted visitation rights, uses his or her position to alienate the other parent from the affections of the child, or to create fear of the non-custodial parent in a child, or by his or her words or actions actually encourages a child not to visit with the other parent."
Hagler v. Hagler, 460 So.2d 187, 189 (Ala. Civ. App. 1984).
In the present case, the evidence indicated that, when the child was 12 years old, she became angry because the father had had multiple girlfriends present at various times during her visitations with him. At a later date, the mother drove the child to the father's house so that the child could discuss her feelings with the father. The discussion escalated and ultimately resulted in the mother, the father, and the *381 child fighting over some of the child's personal belongings. The mother testified that the father had threatened to hit the mother. After that incident, the child had visited with the father only twice and had then stopped visiting altogether. She had not visited the father in the two years preceding the trial.
The child testified that the mother had told her that it was her decision whether to visit the father, and, she said, she does not want to visit him. The mother testified that she had highly encouraged the child to visit. The father testified that the mother had told him that, because the child was 12 years old, it was the child's decision whether she wanted to visit with the father. He further testified that the mother had told him that the child would go into a rage if she tried to force her to visit. According to the father, the mother had told him that the child needed to spend time with her friends instead of visiting the father.
Catalina Arata, a counselor who evaluated the parties and the child, reported that the mother had told the child that the father had cheated on the mother during their marriage and that the mother had allowed the child to view the private investigator's report from the divorce proceedings. Dr. Arata reported that the father's having the child around several different girlfriends was an exercise of poor judgment but that that should not have caused such an extreme reaction from the child. According to Dr. Arata, the mother's telling the child that the father had cheated on the mother during their marriage had contributed to the alienation of the child from the father.
Because one view of the evidence indicates that the mother's conduct had contributed to the child's alienation from the father, in turn causing an interference with his visitation, we cannot conclude that the trial court exceeded its discretion in finding the mother in contempt. Sullivan v. Sullivan, 211 So.3d 836, 839 (Ala.Civ.App. 2016) ; Carnes, 82 So.3d at 715.
III. Attorney's Fees
The mother also argues that the trial court erred in ordering her to pay the father's attorney's fees because, she says, she should not have been held in contempt. Because we have concluded that the trial court did not exceed its discretion in finding the mother in contempt, we decline to reverse the trial court's judgments on this point. See, e.g., Henderson v. Mogren, 149 So.3d 629, 639 (Ala.Civ.App. 2014) (upholding attorney-fee award when appellant limited his argument to the merits of the contempt finding that was determined to be without error); and Ala. Code 1975, § 30-2-54.[1]
The mother also argues that the trial court should not have ordered her to pay the father's attorney's fees because, she says, the trial court found both parties in contempt of court, the father's conduct was more reprehensible, and the disparity in the parties' incomes weighs against requiring her to pay the father's attorney's fees.
"Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its *382 ruling on that question will not be reversed. Thompson v. Thompson, 650 So.2d 928 (Ala. Civ. App. 1994). 'Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties' conduct, the results of the litigation, and, where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney.' Figures v. Figures, 624 So.2d 188, 191 (Ala. Civ. App. 1993). Additionally, a trial court is presumed to have knowledge from which it may set a reasonable attorney fee even when there is no evidence as to the reasonableness of the attorney fee. Taylor v. Taylor, 486 So.2d 1294 (Ala. Civ. App. 1986)."
Glover v. Glover, 678 So.2d 174, 176 (Ala. Civ. App. 1996).
In the present cases, the trial court found that the father's income is $12,500 per month and that the mother's income is $4,506 per month. The evidence indicated that the mother had contributed to the child's alienation from the father, which, in turn, caused interference with the father's visitation rights. The father admitted that, in response to the interference with his visitation rights, he had stopped paying the court-ordered child support and educational expenses for the child. Both parties were found in contempt of court for violating provisions of the divorce judgment.
Although there are factors weighing both in favor of and against the attorney-fee award in these cases, the trial court could have concluded, in its discretion, that the mother's contemptuous actions precipitated the litigation in these cases and, therefore, that she should be responsible for the father's attorney's fees. Glover, 678 So.2d at 176.
IV. Admission of Evidence
Finally, the mother argues that the trial court erred in admitting a certain magazine publication as evidence because, she says, that exhibit was hearsay.
"Two fundamental principles govern the standard by which this Court reviews a trial court's rulings on the admission of evidence. Middleton v. Lightfoot, 885 So.2d 111, 113 (Ala. 2003). ' " 'The first grants trial judges wide discretion to exclude or admit evidence.' " ' 885 So.2d at 113 (quoting Mock v. Allen, 783 So.2d 828, 835 (Ala. 2000), quoting in turn Wal-Mart Stores, Inc. v. Thompson, 726 So.2d 651, 655 (Ala. 1998) ). However, 'a trial court exceeds its discretion where it admits prejudicial evidence that has no probative value.' 885 So.2d at 113 (citing Powell v. State, 796 So.2d 404, 419 (Ala. Crim. App. 1999), aff'd, 796 So.2d 434 (Ala. 2001) ).
" ' " 'The second principle "is that a judgment cannot be reversed on appeal for an error [in the improper admission of evidence] unless ... it should appear that the error complained of has probably injuriously affected substantial rights of the parties." ' " ' Middleton, 885 So.2d at 113 (quoting Mock, 783 So.2d at 835, quoting in turn Wal-Mart Stores, 726 So.2d at 655 ). See also Rule 45, Ala. R. App. P. ' "The burden of establishing that an erroneous ruling was prejudicial is on the appellant." ' Middleton, 885 So.2d at 113-14 (quoting Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 (Ala. 1991) )."
Baldwin Cty. Elec. Membership Corp. v. City of Fairhope, 999 So.2d 448, 453 (Ala. 2008).
In the mother's brief to this court, she argues that the trial court's admission of the magazine publication was improper because, she says, it was hearsay; she does not, however, argue how the admission of *383 that evidence was prejudicial. Id.; see also Rule 45, Ala. R. App. P. Because the mother has failed to meet her burden in this regard, we decline to hold that the trial court erred in admitting the magazine publication.
Conclusion
Based on the foregoing, we reverse the trial court's judgments to the extent they modified the physical custody of the child. We affirm the judgments in all other respects.
2160325-AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
2160326-AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

We note that the mother does not argue that "[t]he pertinent 'action' in this case concerned child visitation, not support, and[, therefore, that] § 30-2-54, Ala. Code 1975, ... does not apply." Pate v. Guy, 934 So.2d 1070, 1072-73 (Ala. Civ. App. 2005). Therefore, we do not address that point. See, e.g., R.B.S. v. K.M.S., 58 So.3d 795, 800 (Ala. Civ. App. 2010) (" ' "An argument not made on appeal is abandoned or waived." ' " (quoting Muhammad v. Ford, 986 So.2d 1158, 1165 (Ala. 2007), quoting in turn Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n.8 (Ala. 2003) )).